## Case No. 14,600.

### UNITED STATES v. BLACK et al.

[11 Blatchf. 538; [1] 19 Int. Rev. Rec. 116.]

Circuit Court, S. D. New York. April 2, 1874.

INTERNAL REVENUE—ACTION ON DISTILLER'S BOND—ERRORS IN ASSESSMENT—ADDITIONAL TAX—ASSESSOR'S AUTHORITY—SURVEY.

1. In a suit brought by the United States against a distiller, as principal, and his sureties, on a bond conditioned that the principal "shall, in all respects, faithfully comply with all the provisions of law in relation to the duties and business of distillers," to recover the balance of the amount of an assessment, and the amount of a reassessment, made by the assessor upon the principal, as a tax due by him as a distiller, the sureties cannot show that there were errors in the assessment and the reassessment, whereby the amounts thereof were made too large.

2. The only remedy of the sureties is to pay the amount under constraint, and appeal to the commissioner of internal revenue, and, if the appeal is denied, bring a suit against the collector to recover the amount unjustly exacted.

[Disapproved in U. S. v. Myers. Case No. 15,846. Cited in Alkan v. Bean. Id. 202; Kensett v. Stivers, 10 Fed. 525; Snyder v. Marks, 109 U. S. 193, 3 Sup. Ct. 160.]

[Cited in Eddy v. Township of Lee, 73 Mich. 131, 40 N. W. 796.]

3. Such an assessment, if too small, is not rendered invalid by the fact that the assessor, under section 20 of the internal revenue act of June 30th, 1864, as amended by section 9 of the act of July 13th, 1866 (14 Stat. 103), afterwards makes an assessment of the additional tax for which the distiller is liable.

4. Such assessment of such additional tax may be made by the assessor, solely because he determines that an error was made by him or his predecessor in the first assessment, as well as because he determines that an error was made by the distiller in his returns.

5. The assessor derives his authority to assess such additional tax, not from the fact that an error existed, but from his determination on the question of error.

6. A distiller is liable to pay an assessed tax, although it is not shown affirmatively by the government. in an action upon his bond, that the survey required by the 10th section of the act of July 20th, 1868 (15 Stat. 129), has been made, and a copy of it been served upon him, and although it is not shown that a demand for the payment of such tax has been made upon him.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

At law.

Edmund H. Smith, Asst. U. S. Dist. Atty.
Samuel G. Jelliffe and E. Luther Hamilton, for defendants.

SHIPMAN, District Judge. This action was, by written stipulation of the parties, tried by the court, a jury having been waived. All the material facts are as follows: Joseph Black was a distiller in the city of New York, from October, 1868, to February, 1869. On October 1st, 1868, said Black, as principal, with the other defendants, Miner and Groh, as sureties, executed a bond to the United States, in the penal sum of $27,000, conditioned that said Black "shall, in all respects, faithfullly comply with all the provisions of law in relation to the duties and business of distillers." Said bond was approved by the proper officer. Said Black made the returns required by statute, for each of said months to the assessor of his district, Homer Franklin. Said assessor made an assessment for each of said months, and returned to the proper collector duly certified lists containing said assessments, which were as follows: For October, 1868, $3.175.50; for November, 1868, $2,223.50; for December, 1868, $1,123; and for January, 1869, $868.50; making a total of $7,390.50. Upon these assessments said Black paid, prior to January 28th, 1869, for October, 1868, $1,936.50; for November, 1868, $2,223.50; and for December, 1868, $1,123; making a total of $5,283, and leaving due the sum of $2,107.50. In June, 1870, Mr. A. P. Ketcham, the successor of Assessor Franklin, made, by direction of the commissioner of internal revenue, a supplementary assessment, or reassessment, upon said Black, for each of said months, and forwarded a duly certified list containing said reassessment to the proper collector, in conformity with the statute. The total amount added to the original assessment by this reassessment was the sum of $11,004.10. The increase for the month of October was $4,330.70, for the month of November, $2,354.20, and for the month of December, $4,367.50; and the diminution for the month of January was $48.30. The errors which Mr. Ketcham and the commissioner ascertained, or thought they ascertained, to have existed in the original assessment, were threefold: 1st. That said Black should have been assessed for a greater number of working days in the aggregate. 2d. That the per diem tax, for the last eight days in October, should have been assessed at $58, instead of $48. 3d. That the per diem tax, for November and December, should have been assessed at $58, instead of $32, and the estimate of producing capacity should have been increased in like proportion. In June, 1870, when this reassessment was made, said Black had left the city of New York, has never since returned, and his place of residence is unknown to the plaintiff and to the sureties. No demand was ever made upon him for the payment of the tax assessed by Mr. Ketcham, and he was not served with process in this suit. No demand was made upon the sureties for the payment of any taxes, except the demand implied by the service of process. Neither Black nor the sureties have ever paid any portion of the reassessed tax, or of the $2,107.50 due upon the original assessment. This suit is brought upon the bond, against the sureties, to recover, from them the amount of taxes due from Black.

Upon the trial of the cause, evidence was offered by the defendants to show that, in the original assessment for the month of October, 1868, Black was assessed for too many working days, and that the amounts added by Mr. Ketcham to the original assessments were entirely erroneous. No evidence was offered in regard to the distiller's returns, but, from an examination of all the other papers, I am of opinion that the assessment of Mr. Franklin was probably in accordance with the returns. The evidence of the defendants, in regard to the errors in the two assessments, was objected to by the government, but was received subject to the objection. All the questions have now been elaborately argued, both as to the admissibility of the evidence, and as to the questions of fact and law involved in the case. Inasmuch as all the evidence was heard by me, and, in the event of a new trial, it might be difficult to reobtain the attendance of the witnesses, I have deemed it advisable to pass specifically upon the questions of fact.

1st. In regard to the assessment of Mr. Franklin for the month of October, 1868, some testimony was presented by the defendants, tending to show that too many working days were assessed by Franklin during this month. It is possible that such was the case, but, in view of the fact that the assessment was probably based upon the return of Black, and apparently acquiesced in by him, and that the evidence of a suspension for a longer time than that allowed is not very satisfactory, I prefer to let the Franklin assessment for this month stand without diminution.

The only other attack made by the defendants upon the amount of the Franklin assessments, is for the month of January, 1869. The Ketcham assessment for this month is $48.30 less than that made by Franklin, the chief difference being that Franklin assessed for two more working days. No facts have been detailed in the testimony, to aid either assessment in respect to this item. I, therefore, give the preference to the earlier assessment, as the more reliable one.

2d. In regard to the additions to the tax made by the assessment of Mr. Ketcham, I find as follows: Mr. Franklin assessed for 18 days, and Mr. Ketcham for 24 days, in

the month of October. Said Black suspended work on October 23d, in consequence of an accident to the still, of which suspension he gave due written notice to the proper assistant assessor, who duly reported the same to the assessor, who locked and fastened the still in accordance with the requirements of the statute, but neglected to report the suspension to the commissioner of internal revenue. The still was locked, and all work suspended, until about the 1st of November, and was not in operation more than eighteen days during the month of October. The first survey of the distillery taken in October, duly made and deposited in the office of the commissioner, indicated a per diem tax of $48. Prior to the last eight days in October, a new survey was taken of the intended capacity of the distillery, by which survey new tubs were added, sufficient to raise the per diem tax to $58, but the new tubs were never put in use. The assessor, knowing that the capacity had not been actually increased, and that no change had been made, assessed under the original survey, for the month of October. The new survey was forwarded to the commissioner, but the fact that these tubs were not used was not communicated to him. On the 1st of November, Black notified the proper officer that he desired to diminish the capacity of his distillery one-third from the previous actual capacity, and requested the assessor to make such reduction and seal up the tubs, which was accordingly done, and the proper number of tubs was actually closed and sealed up by the assessor. These tubs remained sealed until Black stopped work entirely. The assessor did not inform the commissioner of this reduction until December 21st. Mr. Ketcham assessed for the months of November and December at the capacity indicated by the second survey. The producing capacity was, after November 1st, in fact reduced one-third from the capacity stated in the first survey.

Under the principles laid down in Daniels v. Tarbox [Case No. 3,568], I find that the additional tax imposed by Mr. Ketcham for the months of October, November, and December was in excess of the sum actually due, and that, at the time of said reassessment, the amount which ought to have been assessed against Black was only the sum of $2,107.50, being the unpaid amount of the Franklin assessments.

But, the main question of law in the case is, whether this evidence is admissible—whether the incorrectness of the assessment is a valid defence in an action upon a distiller's bond, or whether the defendants' sole remedy is to pay under constraint, appeal to the commissioner of internal revenue, and, if the appeal is denied, bring a suit to recover the money unjustly exacted. In order to answer this question, it is necessary to consider the character and object of the portions of the internal revenue laws relating to distillers, the duties imposed upon the distiller, and the position and obligation of the sureties upon his bond.

The sections of the revenue laws relating to distillers, which were in force in the year 1868, contained complex and minute provisions, in all of which the twofold object of that portion of the revenue acts was manifest, viz., to prevent evasion and fraud on the part of the distiller, and to enforce prompt and certain payment of the tax. Experience had apparently proved that the temptations to fraud were great, and that all conceivable precautions must be taken to prevent it. The statutes were passed at a time when the exigencies of the government demanded prompt payment of all its revenues, and congress apparently looked with no leniency upon the distiller. It was provided, that, before commencing business, he should give a satisfactory bond, with the condition that he should, in all respects, faithfully comply with all the provisions of law in relation to the duties and business of distillers; that the United States should have a first lien upon the distillery, for the payment of taxes; that, at least monthly returns should be made to the assessor; and that the taxes should be due and payable on the last day of each month. The statutes also provide that collection of the tax may be made by distraint; that no suit for the purpose of restraining the assessment or collection of the tax can be maintained in any court (Act March 2, 1867, § 10; 14 Stat. 475); and that no suit can be maintained in any court for the recovery of any tax, until appeal has been made to the commissioner of internal revenue (Act July 13, 1866, § 19; 14 Stat. 152). The action brought to recover the tax from the collector, after its payment, seems to be the only mode in which the amount of the tax can be determined by any court. By the provision that no suit can be maintained for the purpose of restraining either the assessment or the collection of the tax, the statute has, in fact, provided that payment must be made at all events, whether the tax was justly or unjustly levied, and that redress for an unjust exaction must be sought subsequently. The distiller is thus obliged to pay his taxes as they are assessed and when they mature. If he neglects to pay, payment can be enforced by distraint, in which event his remedy is to pay the tax and appeal to the commissioner. If the appeal is denied, he can then resort to the courts to obtain repayment. When the government seeks to enforce payment by a suit upon the bond, the same reasons of public policy exist for regarding the assessment as, for the time being, and for the purposes of that suit, conclusive. It is not regarded as conclusive because its correctness cannot be inquired into any where or at any time, but because the legislature has prohibited its correctness from being inquired into until after payment has been made. The assessment is conclusive for the

purpose of collecting the tax. U. S. v. Hodson [Case No. 15,376].

Again, the duties of the assessor are, in their nature, judicial. The assessment has been determined by an exercise of powers to a certain extent judicial in their character. It is not meant that the assessment is a judgment against the distiller, because, as has been said, the tax-payer has a remedy, by bringing a suit in his own behalf, in which suit the assessment is not conclusive, and all the questions of fact involved are open to adjudication, upon evidence presented to the court. But, the judicial nature of the assessor's acts is an additional reason for construing the statute in accordance with its evident intent and purposes. That the distiller is bound by the assessment until a suit is brought in his own behalf for its recovery, after payment, is held in U. S. v. Hodson [supra], a decision concurred in by Mr. Justice Davis, where it is said: "That" (i. e., the suit of the distiller) "is the only mode provided by law for correcting or testing the legality of the assessment, and the decision of the assessor, fixing the amount of the tax, when brought under consideration in any other way, is conclusive."

But, it is said, that while this may be true in regard to the distiller, the sureties stand in a different position; and that the law has ever regarded guarantors with peculiar favor, and has ever been rigorous towards the party who was endeavoring to enforce payment from a surety. What, then, is the position, and what are the obligations, of the sureties, under this bond? The condition of the bond is, that the principal shall, in all respects, comply with the law relating to his business. The law relating to the business of a distiller compels him to pay the assessed taxes at the end of each month. Upon failure of payment, the condition of the bond is broken, and the only question is one of damages. If the conclusions heretofore reached are correct, the measure, and the only measure, of damages must be the assessment, for, until payment is made, the assessment is unalterable, and is conclusive.

It is true, that the common law has ever been lenient towards guarantors, or sureties, but the leniency of the common law is, in this case, controlled by the intent of the statutes which we are considering. That intent was, as has been seen, to enforce prompt payment of the assessed taxes, and, for that purpose, to make the assessment conclusive for the time being. It is as important, for the government to receive payment promptly from the sureties as from the principal.

It is also true, that sureties have been permitted to interpose defences which were not open to their principals; but, in general, these defences relate to matter affecting the rights of the surety alone, and not affecting the pecuniary rights of the principal, as where the conduct of the creditor towards the principal has been such as would tend to the injury of the surety. But, the defence here is, that the principal is not indebted. It is not, that, although the principal may be liable, the sureties are not indebted by reason of the conduct of the government, which renders payment by them unjust; but is simply a claim that the conditions of the bond have been fully performed. As has been seen, the claim is unfounded, for, only payment of the assessed taxes can be a compliance with the requirements of the statute or of the bond. In case of non-payment by the distiller, the surety stands precisely in the position of his principal. The duty of the surety is to pay the tax under such constraint that the payment cannot be deemed a voluntary one, and appeal to the commissioner. If the appeal is not successful, his remedy is by suit in his own name. Had the sureties pursued this course, I think they would have been entitled to recover the entire sum paid upon Mr. Ketcham's assessment. I do not think that they are precluded from adopting such a course now.

I am, therefore, constrained to decide, that the evidence offered by the sureties is inadmissible here, but must be reserved for another suit.

It is claimed by the sureties that no taxes have ever been duly assessed against Black, and, therefore, no recovery can be had against them. Their propositions are threefold: 1st. That the Franklin assessment is void, inasmuch as there cannot be two valid assessments for the same tax; and that the government, by ordering a new assessment, has asserted the incorrectness of the Franklin assessment, and, therefore, should not be permitted to claim that it is valid in any particular. The fallacy of the argument consists in the assumption that, because one assessment is not large enough, it is, therefore, void. There is no invalidity in such an assessment; and the reassessment is not to take its place, but simply to supplement and add to it. The assessor, in making his reassessment, is to ascertain "the amounts for which such persons may be liable, over and above the amount for which they may have been or shall be assessed, upon any return or returns made as aforesaid." In this case, Mr. Ketcham's assessment was for the excess of taxes which he supposed Mr. Black was liable to pay, over and above the amount assessed by Mr. Franklin. The original assessment is not made invalid or inoperative by the additional assessment.

2d. That an assessor has no authority, under the 20th section of the act of June 30th, 1864, as amended by the 9th section of the act of July 13th, 1866 (14 Stat. 103), to make a reassessment in order to correct any errors, omissions or undervaluations of his own, or of his predecessor. The proposition assumes that the original errors, if any there were, existed simply in the assessor's list, or statements, and not in the distiller's returns. Had the errors in the Franklin assessment, which

were supposed by his successor to exist, actually existed, such errors would, undoubtedly, have been the result of corresponding errors in the distiller's return, for there can be little doubt that Mr. Franklin's assessment was in harmony with the returns.

But, the question made by the sureties has been fully considered at the present term of this court, in the case of Barker v. White [Case No. 996], where the errors were those of the assessor alone, and not of the distiller. In the opinion given in that case it is held, that the power of the assessor to make a supplementary list and assessment, is not limited to .cases where the distiller's returns are erroneous, but that he is authorized to make a supplementary assessment, within the time specified in the statute, whenever it has been ascertained by him that the original assessment is erroneous from any cause, whether from his own mistake or from that of the distiller. It is further held, that the reassessment is not presumed to be correct, until the existence of the jurisdictional fact necessary to enable the assessor to make a new assessment has been affirmatively proved, viz., the determination or decision of the assessor that a mistake had been made in the original assessment. In this case, the existence of this fact, from which Mr. Ketcham derived his power to make a supplementary assessment, was affirmatively shown. It is true that, in the opinion of this court, Mr. Ketcham's decision was incorrect; but he derived his authority to reassess not from the fact that an error existed, but from his determination or adjudication upon the question of error.

3d. That the distiller is not liable for any tax, unless the survey required by the 10th section of the act of July 20th, 1868 (15 Stat. 129), has been made, and a copy of it has been served upon the distiller; and that there is no proof that this was done.. The defendants cite the case of Peabody v. Stark, 16 Wall. [83 U. S.] 240, which was an action by a distiller against a collector of internal revenue, to recover a tax paid by the plaintiff, upon the ground that it was illegal. The tax complained of as illegal was a reassessment upon the plaintiff as a distiller, in which he was assessed to the amount of 80 per cent. of the producing capacity of his distillery, although he had not made that amount of spirits, and notwithstanding the fact that no copy of the survey of his distillery, fixing its producing capacity, had ever been filed with him or delivered to him. The court held, that the distiller does not become liable, under the 80 per cent. clause, until a copy of the survey has been delivered to him, and that, having shown affirmatively that no copy was left with him, he was entitled to recover. But the court did not decide that, in an action upon a bond, it was necessary for the government, in making their prima facie case, to prove affirmatively the performance of all the acts, other than those confer-

ring jurisdiction upon the assessor, required. by the statute prior to the making of the as-- sessment. In this case, no evidence was offered by the defendants, in regard to the- delivery of the survey to the distiller. As the· case stands, it will be presumed that the duties imposed by the statute upon public officers were properly performed.

It is also claimed by the sureties that Black is not liable for the reassessed tax, because demand of payment was never made upon· him. The distiller's taxes are due and payable on the last day of each month. Act July 13, 1866, § 11 (14 Stat. 150). No notice is necessary, to the distiller, unless a penalty is added, which penalty is not sought to be enforced in this suit. By the 9th section of the same act (page 104,) it is provided, that all provisions of law for the assessment or· collection of any tax "shall be held to apply, as far as may be necessary, to the proceedings herein authorized and directed" in re- gard to reassessments. The taxes due upon the supplementary list or reassessment are,. therefore, due at the expiration of the month when the certified list is returned to the col-- lector.

The result is, that the evidence offered by the defendants is inadmissible in this action,. and that the sureties are legally liable to pay the amount unpaid upon the two assessments, and to seek their remedy for any amount improperly assessed, by an independent suit, if an appeal to the commissioner shall fail to give relief.

Let judgment be entered for the plaintiff, for $13,111.60, and interest from the commencement of this suit.