## Case No. 7,853.

### KISSINGER v. BEAN et al.

[7 Biss. 60.] [1]

Circuit Court, E. D. Wisconsin. Oct., 1875.

ASSESSMENT BY COMMISSIONER OF INTERNAL REVENUE—STOCKHOLDERS.

1. A member of a stock-company, a corporation engaged in the business of distilling spirits, is a person interested in the business within the meaning of the law, and is individually liable for assessments, and the court will not entertain a bill to restrain them.

[Cited in Kensett v. Stivers, 10 Fed. 525.]

2. Section 3224, Rev. St. U. S., construed, and decisions thereon commented upon.

[Cited in Snyder v. Marks, 109 U. S. 193, 3 Sup. Ct. 160.]

3. To justify a court in holding that section 3224 is not controlling in any case, a very clear case must be made, showing that the assessment by the commissioner could not by any possibility be legal.

This was a case [by John P. Kissinger], brought in the state court, the defendants [Irving M. Bean and another], being collector and deputy collector of internal revenue for the district, and removed to the U. S. circuit court, where a motion was made on the part of the government to dissolve an injunction granted in the cause by the state court.

Winfield Smith and Matt. H. Carpenter, for plaintiff.

G. W. Hazelton, U. S. Dist. Atty., for defendants.

DYER, District Judge. In this case the complaint and affidavits annexed, state in substance that the plaintiff is a merchant, doing business in Milwaukee, and is the owner of certain real and personal property; that in 1869, a charter was granted by the legislature of the state of Illinois, authorizing the organization of a corporation, which corporation was to carry on the business of distilling spirits in the county of Cook, in that state. It is further alleged that in 1872 the entire stock of this corporation, which was known as the Union Copper Distilling Company, was owned by Anton Junker, Joseph Roelle and the plaintiff, each of these parties owning one-third of the stock.

It appears that the corporation thus organized and with this stock thus owned, proceeded to engage in the business of distilling spirits in the county of Cook. It had been, I should say, previously engaged in that business, and after the plaintiff became a stockholder the business was continued until July, 1875, when by seizure of the distillery and other property of the corporation the business terminated.

The complaint alleges, and the affidavit of Junker also states that the plaintiff, individually, has never been a distiller of spirits in the county of Cook or elsewhere. It is further alleged that the commissioner of internal revenue assessed on the August spe-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

cial list, against the plaintiff and the two other parties associated with him, as stockholders in the company, a tax on spirits amounting to $236,738.39, which is a tax claimed by the defendants, who are the collector and deputy collector of this district, to be due from the plaintiff and Roelle and Junker upon distilled spirits manufactured by them from September 1st, 1873, to May 10, 1875.

The pleading then sets forth proceedings taken by the collector for the collection of this assessment against the plaintiff, showing that all his property real and personal has been seized by the collector for the payment of that assessment, and is advertised for sale. The question here presented is, whether or not this action in equity to restrain the collection of this assessment, can be entertained, and whether the injunction granted by the state court restraining the sale can be sustained in view of the prohibition of section 3224 of the Revised Statutes of the United States, which is that "no suit for the purpose of restraining the assessment and collection of any tax shall be maintained in any court."

Is the plaintiff as a stockholder in this corporation individually liable to this assessment? Of course, if he is within the class of persons against whom such an assessment may be made, if, in other words, he is a person within the language, scope or spirit of the law, which defines what a distiller is, then the tax may be legally assessed, and there can be no intervention by the court in the form of proceedings to restrain that assessment or the collection of the tax.

Now this section 3224 clearly and absolutely takes away one of the remedies which a party would or might have, to contest the validity of an assessment made by the commissioner of internal revenue. It does not, however, take away other remedies or all remedies.

It simply deprives a party of the power to prosecute a suit for the purpose of enjoining the assessment and stopping the collection of the tax. Of course that provision may work in some cases, as it is claimed it does in this case, a great hardship; because a case may arise, where the tax, as is claimed here, is so large that the party may be unable to pay it and thereby secure the right to bring his action to recover back the money which he had thus paid. But in passing upon a question of this character, the court must be guided by general principles, and cannot be controlled by exceptional cases.

It may be stated as a general principle, that to give the commissioner jurisdiction to make such an assessment as was made here, the person assessed must be in the assessable class as defined in the statutes. For instance, if the commissioner were to assess a person as a distiller, who was beyond all

question not a distiller, as, to illustrate, if the person assessed as a distiller were a lawyer, and in no manner interested in the business of distilling, this action of the commissioner would be ultra vires. It would be entirely unauthorized by the statute, and would be transcending the power which the statute confers upon him, because he can only assess such persons as are by law made liable to the payment of the tax. Referring to the case of LeRoy v. East Saginaw Ry. Co., 18 Mich. 234, cited on the argument, it seems that there was a statute in that state which provided that railroad companies should pay a certain percentage on the whole amount of their capital to the state treasurer on a certain day in each year. This was to stand in lieu of all other taxes, and no town, county or state assessor had any right or authority to assess a tax against any railroad corporation.

There was also a statute which provided that "no replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment or fine, in pursuance of any law of this state;" a provision which stands in analogy to the statute which we have to consider here, forbidding any suit for the purpose of restraining any assessment or any tax assessed by the commissioner of internal revenue. In the case referred to, a tax was assessed against the railway company, and upon warrant for its collection, the tax collector seized property of the company. The company replevied the property, and the question was, whether in the face of the statute forbidding replevin, that action could be maintained in that case. Judge Christiancy says, in his opinion that "this provision, prohibiting an action of replevin, must be construed as applying only to cases in which a valid tax might by legal possibility have been imposed and collected by regular and proper proceedings under some statute authority." In this latter class of cases, he says, "this provision would prohibit the action of replevin though the statute authority might not have been fully complied with, and the proceedings might have been so far irregular as to defeat a sale of real estate sold for such taxes." Following the doctrine laid down in that opinion, it should be entirely obvious that it is not within legal possibility that the commissioner could assess a valid tax against the plaintiff in order to justify the interposition of this court by injunction. It should be clear that the proceeding on the part of the commissioner of internal revenue is an absolute nullity, in order to sanction the interference of a court of equity. If the plaintiff is within a class of persons against whom the commissioner may make assessments, though his proceedings be ever so irregular and erroneous, the court cannot interfere.

In the case of Delaware R. Co. v. Prettyman [Case No. 3,767], the court held that an "as-

sessor of internal revenue acts judicially in determining what persons and things are subject to taxation under an act of congress levying taxes. If the subject matter is within his jurisdiction, that is, if he is bound to inquire, and determine who, and what are subject to taxation, a mistake as to the person or thing taxed, or an irregularity of proceeding on his part, will not invalidate his action as assessor so far as to make the collector who proceeds on a warrant in proper form to collect the tax, a trespasser."

"The purpose of the act of congress was to prevent any interference with the prompt and regular collection of the revenue, and the interposition of any defense to a national tax, levied by an assessor acting within his jurisdiction, would be equally fatal to the purpose of congress, whether said defense is founded on the alleged unconstitutionality of the act, its invalidity or want of application to the case."

The court in that case further hold, that "it is within the range of possibility, however, that the tax may be such a clear and manifest violation of the law, something which is so clearly prohibited to be taxed, or distinctly excluded from the subject-matter of taxation, as that the assessor cannot be said to have any discretion or judgment in regard to assessing such a tax, and he cannot be said to have jurisdiction of the matter. In such case it has been agreed that the proceeding is a mere nullity, and will not afford a basis for any legitimate action."

Again, as to the power of the officer, the court say, "it is his duty to inquire who and what are subject to taxation; that is, it is within his jurisdiction to determine this. A mistake as to the person or thing to be taxed, though remediable by various other means, cannot be reached by proceedings against the ministerial officers such as the collectors who execute the warrant."

That proposition states the case rather more strongly than I would be prepared to state it, because in its strict letter it might lead to this conclusion: that where the commissioner had determined that a person clearly not within the assessable class was nevertheless subject to assessment, his determination was of a judicial character and not to be questioned by the courts in any proceeding in equity. That proposition in the strong terms in which it is pronounced is perhaps not quite reconcilable with the other expression in the opinion, namely, that it is within the range of possibility that the tax may be such a clear and manifest violation of the law that the whole proceeding would be a nullity. In other words, I should not be prepared to hold that if the commissioner were to determine that a person not a distiller and not interested in the business of distilling was subject to assessment as a distiller, that he was then within his jurisdiction, and that a court of equity could not,

because of the prohibition in section 3224, intervene. In the case of Pullan v. Kinsinger [Case No. 11,463], Judge Emmons asserts, I think, the correct doctrine on this subject. He says: "If an officer has the power to assess generally, and the duty of determining what is within this power is imposed upon him, if the thing assessed is in its nature in any circumstances capable of being brought within the law, an erroneous decision in this regard does not render the proceeding void." Now, in the case under consideration, we have seen that the plaintiff was assessed by the commissioner with other parties as stockholders in this alleged corporation. True, he did not bestow his personal attention upon that business; he did not give to it his personal supervision, but his interest in the business as a member of this company was actual. He was represented in the business by the investment he had made in it, and this investment and interest enabled him to participate in the dividends and profits realized.

Is it, therefore, beyond legal possibility that the commissioner could assess a tax against these members of this corporation as individuals, the plaintiff included? Is it clear beyond doubt, that the proceeding on the part of the commissioner here complained of is an absolute nullity, as it would be if he were to make an assessment against a person who confessedly was not a distiller, and was not interested in the business of distilling? Is the person assessed here, in the language of Judge Emmons, in any circumstances of the case capable of being brought within the law? If by possibility, he can be brought within the terms of the law, though the commissioner may have made an erroneous decision in that regard, the proceeding is not void. It is not a nullity so as to authorize this court to arrest the collection of this assessment by injunction.

Now let us examine for a moment section 3259 of the statutes. Its language is, "Every person engaged in, or intending to be engaged in, the business of a distiller or rectifier, shall give notice in writing, subscribed by him, to the collector of the district wherein such business is to be carried on, stating his name and residence, and if a company or firm, the name and residence of each member thereof, and the name and residence of every person interested or to be interested in the business, etc." This notice is a prerequisite to lawfully engaging in the business, and there seem to be three classes provided for in this section: First, any person engaged in or intending to be engaged in the business, must give his name and residence in the notice; second, if a company or firm, the name and residence of each member of the firm must be given; and then another class, namely, every person interested or to be interested in the business must give name and residence.

Now the question is, whether a member of

a stock company, a stockholder in a corporation engaged in the business of distilling spirits, is not a person interested in the business within the meaning of the law. It was conceded upon the argument that there is no provision of the statute expressly covering corporations organized for the purpose of and actually engaging in this business; and I am satisfied upon examination of all the statutes bearing upon this subject, that in assessing and collecting taxes upon distilled spirits the government must deal with the individuals interested in the business, although such individuals are carrying on such business by means of associated capital and in the form of a corporation; and there may be a wise purpose in this legislation by congress. For instance, a corporation may be possessed of very little property; or its property employed in the business may be of inconsiderable value and utterly inadequate to satisfy a tax justly due to the government on account of the spirits produced, and though the stockholders of that corporation may have accumulated property from the profits and dividends of the business, greatly in excess of any tax that might be assessed, nevertheless, if there is no liability on the part of the individual members of the corporation, the power of the government to enforce the payment of the tax would be limited to the property of the corporation however inadequate. That property might be, as I have said, utterly insufficient, while the stockholders in the company might be abundantly able to respond to any tax that might be assessed by the government; yet, upon the construction of the law contended for, these stockholders would reap the profits and escape the burdens of the business. Upon the best reflection I have been able to give to the question, I am not prepared to give that construction to the law.

The business in which the plaintiff and his associates were interested was that of distilling spirits. It is true that that business was conducted and carried on in the name of and by this stock company of which the plaintiff was a member. Admit that the plaintiff did not actively participate in the transaction of that business, yet, as I have said, he was represented in the business by the investment he had made as a stockholder in the enterprise.

To relieve the plaintiff by means of the proceeding which has been instituted here, and to entitle him to the equitable interposition of the court, it must be shown that he is so clearly outside of the jurisdiction that may be exercised by the commissioner in making assessments against persons interested in distilling spirits, that by no legal possibility could the tax be assessed against him. It must be clear beyond doubt that the plaintiff was not within the class of persons liable to assessment under the statute, to enable him to invoke the restraining power of the court.

I am not prepared to say that the commissioner was outside of the limits of his jurisdiction in making the assessment in question. I do not think that such a clear case is made as to justify the court in holding that section 3224 is not controlling upon the question of remedy here resorted to. The injunction granted by the state court must be dissolved.