UNITED STATES (PACHECO v.). See Case No. 10,641.

## Case No. 15,983.

### UNITED STATES v. PACIFIC RAIL-ROAD.

#### [4 Dill. 66.] [1]

Circuit Court, E. D. Missouri. 1877.

SUIT TO RECOVER TAXES—SET-OFF—ILLEGAL TAX —REMEDIES.

1. The obligation or duty to pay taxes assessed by the United States, is one which may be enforced by suit—by an action at law or a bill in equity, according to the nature of the relief sought.

2. In such a suit by the United States, the defendant cannot plead a set-off, legal or equitable, growing out of independent claims against the United States, although such claims are just, and have been presented to and rejected by the proper auditing officers.

[See Apperson v. Memphis, Case No. 497.]

3. The remedy against an illegal tax assessed by the United States, pointed out.

[Quoted in Kensett v. Stivers. 10 Fed. 526. Cited in Snyder v. Marks, 109 U. S. 193, 3 Sup. Ct. 160.]

This was a bill in equity by the United States to recover the amount of certain taxes claimed to be due, under the internal revenue law, from the defendant company, and to enforce the lien of the taxes upon the property of the company, which, since the taxes accrued, has passed into other hands. Among other defences in the answer. is one in which the railroad company claimed a set-off for a sum exceeding the amount of taxes sued for, growing out of the use of the railroad of the defendant by the government during the war; which claim, it is alleged, has been duly presented to the proper department of the government and rejected. This portion of the answer was excepted to by the United States; and it was in disposing of these exceptions that the following opinion was orally pronounced by Mr. Justice MILLER.

W. H. Bliss, U. S. Dist. Atty.

Cline, Jamison & Day, for defendant.

[Before MILLER, Circuit Justice, and DILLON, Circuit Judge.]

MILLER, Circuit Justice, orally. The United States brings suit against the Pacific Railroad Company for the collection of a tax

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

alleged to be due by the railroad company, and to enforce the lien of this tax upon the property of the company, which has passed into other hands. The railroad company sets up as one of its defences that it has a claim against the United States in excess of the amount of these taxes, for the use of the railroad and its appurtenances during the war, which has never been paid; and it alleges, also, that these claims have been presented to the proper auditing officers and rejected; and it is insisted that they come within the statutes of the United States upon that subject, which allows an equitable set-off where just claims have been rejected. And the defendant also claims that the government, being a plaintiff, and bringing this action in chancery in the nature of an action for a debt, the suit is liable to the principle of mutual set-off, which governs all suits in equity. A good deal of argument on both sides has been presented to us upon the question whether an action to recover taxes is an action of debt, and whether an obligation to pay taxes to the government is a debt. There is considerable conflict of authority on that subject. Not only is there such conflict in the courts other than those of the United States, but the supreme court of the United States, in at least two cases, has given what might appear to be conflicting decisions upon the subject. In the case of Lane County v. Oregon, 7 Wall. [74 U. S.] 71, which was a suit to recover taxes, the state of Oregon claimed that her taxes should be paid in gold, and that the legal-tender laws then in existence, and in existence long before, had no application to taxes, whether state or national, except as they were made receivable for dues to the United States by the act itself. And the question turned on whether the taxes which the state of Oregon assessed against her citizens was a debt within the meaning of the legal-tender laws, which provided in terms that they should be receivable in payment of all debts. The supreme court unanimously held that in that sense, at all events, and for that purpose, a tax was not a debt. In other words, the meaning of it was that the congress of the United States did not, by the use of the word "debt" in that act, intend to include taxes of the states. Chief Justice Chase delivered the opinion, and he referred to several of the authorities cited yesterday on the subject whether a tax is a debt or not. On the other hand, in a later case [Dollar Sav. Bank v. U. S.] 19 Wall. [86 U. S.] 227, coming up from Pennsylvania, where the United States brought an action at law for some internal revenue taxes, a recovery was stoutly resisted on the ground that a tax was not a debt, and as it was not a debt within the common law meaning of the phrase, that it could not be so collected. In that case the supreme court held that, for the purposes of that collection, and in some

senses, it was a debt; that the tax—which, I presume, was the same kind of a tax as this is—could be so collected. Whenever the proper officers themselves ascertain their earnings for that particular year, the law applied and made the assessment; it could be neither more nor less than that amount, and no assessment by the officers of the government was necessary to ascertain the amount; therefore, it is a debt collectible by suit. I state these things merely to show the difference of opinion that has existed upon the subject, as also to show the fact that the supreme court has, under one set of circumstances, recognized that a tax is a debt, while under another that it was not a debt. In the view that all of us here take, I think, however, that this discussion is immaterial. It is immaterial what you call the obligation of a citizen to pay his taxes; it is very clearly an obligation which may be enforced by the courts. In the case from the state of Pennsylvania, it was simply a suit for taxes, and nothing else; but if it was not such a suit, an equitable lien, it is claimed, would give the right in chancery to recover what was merely a debt at common law. The question remains whether it is liable to a set-off. This depends upon a principle of policy, in which both the government of the United States and its courts have sounded no uncertain note at any time. We have even, without the aid of an act of congress, refused to grant an injunction to stay the collection of taxes under any circumstances—and this upon the broad ground applicable to this case, that the taxes of the government are essential to the support and existence of the government; and we have always refused to permit any interference with their collection by injunction. The principle involved is this: That by setting up other debts, and cross-actions and counter-claims against the government, it would, in effect, be placing the existence of the government at the mercy of any person who chose to set up his right in this way, and thus hinder the collection of the taxes. Since that decision was originally made, the statutes passed by congress go very strongly in that direction. Congress has passed a statute expressly forbidding the granting of an injunction for that purpose. It has passed a statute for the correction of errors of the assessing and collecting officers of the government, which the supreme court has said, in two or three cases, is a complete and perfect system. If the tax is unjustly assessed, or supposed to be unjustly assessed, the remedy allowed is an appeal to the commissioner of internal revenue. If he decides against the party, or fails to decide within six months, the party injured can pay his taxes and go into court and sue for the amount, and recover it back if he is wrongfully assessed, the court being unprejudiced by any action of the commissioner. The statute says he may bring his suit to recover it back, and he will get it back if the court so decides. The time for bringing such a suit is limited, so as to have no delay in settling the matter. It must be within twelve months—six months after the commissioner has decided, and twelve months after the appeal has been taken. And we have said over and over again in our courts that that was a complete and exclusive system of correctional justice in regard to the collection of taxes unjustly assessed; that it was the only system, and by that ruling we abide. There can be no such thing as obstructing and objecting to the payment, as in the case of adjusting the accounts of individuals. It may be said that since the government has refused, by its auditing officers, to allow this party their claim, they have no remedy, and that it is inequitable to allow the government to recover one hundred and twenty thousand dollars against them, when the government owes them half a million. And the argument would have some force, notwithstanding the want of any express provision on the subject, if there were no other remedy. But it is to be considered that the application to the auditing officers is in itself a remedy. They act in a judicial capacity, and are impartial, or supposed to be so, and perhaps are just as good judges as to what ought to be done as we are. But suppose they are not, there remains the right to sue in the court of claims. That court was instituted for this very purpose. But it may be said that the claim set up here is not of a character over which the court of claims has jurisdiction. I cannot see, if it is a claim which can be made a set-off, why it is not a case which can be enforced in the court of claims, because the court of claims has jurisdiction of all claims against the United States growing out of contracts, express or implied. And surely no one can suppose that a claim can be used as a set-off if it does not grow out of a contract, expressed or implied. No statute of any state or of any government, and no principle of law, ever allows any set-off which does not grow out of a contract; so that, in refusing to allow this set-off to come in here and delay the government in the collection of its taxes, we do not leave the party without judicial remedy. The judgment of the court is that the exceptions to the answer which sets up that defence must be sustained. Exceptions sustained.

[Subsequently the defendant demurred to the bill, and the demurrer was sustained. Case No. 15,984.]