## DODGE v. OSBORN.*

---

INCOME TAX; SURTAX; EQUITY; INJUNCTION; ADEQUATE REMEDY AT LAW.

In the absence of a showing of absolute necessity for equitable interference in order to prevent irreparable injury, a bill in equity will not lie to enjoin the assessment and collection by the Commissioner of Internal Revenue of a surtax imposed upon the plaintiff's income under sec. 2 of the act of Congress of October 3, 1913 (38 Stat. at L. 166–181, chap. 16), known as the income tax law, as the plaintiffs have an adequate remedy at law under Secs. 3220, 3226 and 3227, U. S. Rev. Stat. Comp. Stat. 1913, §§ 5944, 5949 and 5950, and as sec. 3224, U. S. Rev. Stat. Comp. Stat. 1913, § 5947, expressly provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court; and such a showing of irreparable injury is not made by allegations that the tax will constitute a lien upon the plaintiffs' real and personal property, and that the income tax assessment, if made, will be in part valid and in part unconstitutional and invalid, and, being prima facie good, will constitute a cloud upon the title of the plaintiffs to their real and personal property.

No. 2705.    Submitted December 9, 1914.    Decided February 1, 1915.

HEARING on an appeal by the plaintiffs from an order of the Supreme Court of the District of Columbia holding an equity

---

* *Taxes—Injunction.*—Upon the question of injunction to restrain the collection of illegal taxes, see note to *Odlin* v. *Woodruff*, 22 L.R.A. 699. And as to injunction to prevent collection of tax on excessive assessment, see note to *Finney County* v. *Bullard*, 16 L.R.A.(N.S.) 807. As to injunction against enforcement of tax laws as affected by other remedies, see note to *Harley* v. *Lindemann*, 8 L.R.A.(N.S.) 124, and also the note in 22 L.R.A. 702.

court, sustaining a motion by the defendant to dismiss, and dismissing, a bill in equity to restrain the Commissioner of Internal Revenue from assessing and collecting a surtax imposed upon the plaintiffs' income under the Federal income tax law.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellants, John F. Dodge and Horace E. Dodge, plaintiffs below, filed a bill in equity in the supreme court of the District of Columbia seeking to enjoin the assessment and collection of the surtax imposed upon plaintiffs' incomes under § 2 of the act of Congress approved October 3, 1913 (38 Stat. at L. 166–181, chap. 16), known as the "income tax law."

It is averred that plaintiffs, citizens of Michigan, are partners in business and the only persons interested in the firm; that they filed with the collector of internal revenue their returns showing the taxable income of plaintiff John F. Dodge to be $708,229.47, and the taxable income of plaintiff Horace E. Dodge to be $709,243.41, upon which the normal tax of 1 per cent due from both is computed in the returns to be $14,174.72, and that the surtax chargeable under the statute would amount to $65,148.36. To the assessment and collection of the surtax, plaintiffs accompanied their returns with a protest, alleging that the surtax levied upon individuals under subdivision 2, division A, of the income tax law is in conflict with the 5th Amendment to the Constitution of the United States, and that the provision providing for the assessment and collection of the surtax discriminates against individual taxpayers and in favor of corporations. It is further averred that the tax imposed is not uniform, and that no opportunity is afforded for a hearing before the assessment of the tax; hence the law is unconstitutional and void. Defendant moved to dismiss the bill on the ground that the suit could not be maintained, since its object is to restrain the assessment and collection of a tax, and that plaintiffs have an adequate and complete remedy at law. On hearing, a decree was entered dismissing the bill, from which this appeal was taken.

Mr. *Thomas S. Hopkins* and Mr. *Fred A. Baker* for the appellants.

Mr. *Clarence R. Wilson* United States District Attorney, Mr. *Reginald S. Huidekoper,* Mr. *John E. Laskey* and Mr. *Chas. W. Arth* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The provision of the income tax law directly involved is found in subdivision 2 of the division a of sec. 2, as follows: "In addition to the income tax provided under this section (herein referred to as the normal income tax) there shall be levied, assessed, and collected upon the net income of every individual an additional income tax (herein referred to as the additional tax) of 1 per centum per annum upon the amount by which the total net income exceeds $20,000, and does not exceed $50.000, and 2 per centum per annum upon the amount by which the total net income exceeds $50,000 and does not exceed $75,000, 3 per centum per annum upon the amount by which the total net income exceeds $75,000 and does not exceed $100,000, 4 per centum per annum upon the amount by which the total net income exceeds $100,000 and does not exceed $250,000, 5 per centum per annum upon the amount by which the total net income exceeds $250,000 and does not exceed $500,000, and 6 per centum per annum upon the amount by which the total net income exceeds $500,000."

At the threshold, we are confronted with a question of jurisdiction. The Judicial Code of the United States (act of Congress of March 3, 1911 [36 Stat. at L. 1163, chap. 231, Comp. Stat. 1913, § 1244]) sec. 267 provides that "suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." Such a remedy at law is afforded the taxpayer for recovering a tax "in any manner wrongfully collected." U. S. Rev. Stat. secs. 3220, 3226, and 3227, Comp. Stat. 1913, §§ 5944, 5949, 5950. These provisions are made applicable to the income tax law in division L of the act, as follows: "That all

administrative, special, and general provisions of law, including the laws in relation to the assessment, remission, collection, and refund of internal-revenue taxes not heretofore specifically repealed and not inconsistent with the provisions of this section, are hereby extended and made applicable to all the provisions of this section and to the tax herein imposed."

In England and in this country, the statutes have aimed at assuring the speedy collection of governmental revenues. In order that the revenues to meet the requirements of the government may be assured, the courts have persistently refused an injunction or other extraordinary process to lend aid to taxpayers in attempts to defeat the collecting agents of the government. But to make absolute the restriction upon the Federal courts, Congress provided by § 3224 of the Revised Statutes that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." While it has been contended that this restriction applies only to taxes improperly or erroneously assessed, the courts have held it to apply to assessments of taxes erroneously or illegally made under color of authority by the internal revenue officers having general jurisdiction of the subject of the assessment and collection of taxes. *Snyder* v. *Marks,* 109 U. S. 189, 27 L. ed. 901, 3 Sup. Ct. Rep. 157. The plea of unconstitutionality in the present case grows out of a conceded exercise by the internal revenue officers of official power under color of authority. Indeed, plaintiffs, by making their returns of the normal tax, protesting only against the surtax, conceded the existence of a general authority to assess and collect income taxes.

The case of *Pollock* v. *Farmers' Loan & T. Co.* 157 U. S. 429, 39 L. ed. 759, 15 Sup. Ct. Rep. 673; 158 U. S. 601, 39 L. ed. 1108, 15 Sup. Ct. Rep. 912, furnishes plaintiffs no relief. In that case, the injunction granted was at the instance of a stockholder of a corporation to prevent the payment of a tax under the income tax law of 1894. Chief Justice Fuller, on the question of jurisdiction, said: "The jurisdiction of a court of equity to prevent any threatened breach of trust in the misapplication or diversion of the funds of a corporation by illegal payments

out of its capital or profits has been frequently sustained. * * * The objection of adequate remedy at law was not raised below, nor is it now raised by appellees, if it could be entertained at all at this stage of the proceedings; and, so far as it was within the power of the government to do so, the question of jurisdiction, for the purposes of the case, was explicitly waived on the argument. The relief sought was in respect of voluntary action by the defendant company, and not in respect of the assessment and collection themselves. Under these circumstances, we should not be justified in declining to proceed to judgment upon the merits."

In *Corbus* v. *Alaska Treadwell Gold Min. Co.* 99 Fed. 334, the court, referring to the *Pollock Case,* said: "Their [Mr. Justice White and Mr. Justice Harlan's] opinion, with authorities cited, leads me to the conclusion that, had the question of jurisdiction been raised in the court below, and insisted upon in the Supreme Court, the case would not have been heard upon its merits." Mr. Justice Brewer, in delivering the opinion affirming the judgment in this case (187 U. S. 455, 47 L. ed. 256, 23 Sup. Ct. Rep. 157), said: "The thought suggested by the quotation from the opinion of the district judge impresses us forcibly. Evidently the plaintiff patterned his proceeding upon *Pollock* v. *Farmers' Loan & T. Co.* 157 U. S. 429, 39 L. ed. 759, 15 Sup. Ct. Rep. 673. But that case does not determine to what extent a court of equity will permit a stockholder to maintain a suit nominally against the corporation, but really for its benefit." The fact, therefore, that in the *Pollock Case* the action was by injunction, furnishes no precedent here.

As we have observed, Congress has afforded a complete and adequate remedy at law open to all persons aggrieved by the collection of an erroneous or illegal revenue tax. The taxpayer must pay the tax, and he may then bring an action to recover it back. This, of itself, in the absence of statutory inhibition, would ordinarily be sufficient to warrant a refusal of injunctive relief. It may well be, however, even in the face of this prohibitive statute, that a court of equity would intervene upon a sufficient showing of irreparable damage. "Not only is it the

general rule that equity will not restrain the collection of a tax on the mere ground of its illegality, but also, as appears by its legislation, Congress has attempted to enforce that rule and to require payment of a tax by the party charged therewith before injury as to its validity will be permitted. See *Pacific Steam Whaling Co.* v. *United States,* 187 U. S. 447, 47 L. ed. 253, 23 Sup. Ct. Rep. 154. Now before a court of equity will in any way help a party to thwart this intent of Congress, it should affirmatively and clearly appear that there is an absolute necessity for its interference in order to prevent irreparable injury. No considerations of mere convenience are sufficient." *Corbus* v. *Alaska Treadwell Gold Min. Co.* 187 U. S. 455, 47 L. ed. 256, 23 Sup. Ct. Rep. 157.

Plaintiffs, however, have not even alleged that they would suffer irreparable damage. No showing has been made in the bill upon which the court could predicate an inference that such damage would be sustained. Aside from the allegation that the tax will constitute a lien upon their real and personal property, the only ground of damage stated in the bill is "that the income tax assessments to be made by the Commissioner of Internal Revenue, against the plaintiffs, will be in part valid, and in part unconstitutional and invalid, and, being prima facie good, such assessments will constitute a cloud on the title of the plaintiffs to their said real and personal estate, and for the prevention or removal of which cloud the plaintiffs are entitled to, and do hereby, invoke the judicial power of the courts of equity of the United States." This is not sufficient to warrant equitable relief. We are not convinced that the courts have relaxed or departed from the early rule announced in *Snyder* v. *Marks,* 109 U. S. 193, 27 L. ed. 903, 3 Sup. Ct. Rep. 157, where the court, considering a suit to restrain the collection of a revenue tax on tobacco, said: "The inhibition of sec. 3224 applies to all assessments of taxes, made under color of their offices, by internal revenue officers charged with general jurisdiction of the subject of assessing taxes against tobacco manufacturers. The remedy of a suit to recover back the tax after it is paid is provided by statute, and a suit to restrain its collection is forbidden. The

remedy so given is exclusive, and no other remedy can be substituted for it. Such has been the current of decisions in the circuit courts of the United States, and we are satisfied it is a correct view of the law. *Howland* v. *Soule,* Deady, 413, Fed. Cas. No. 6,800; *Pullan* v. *Kinsinger,* 2 Abb. (U. S.) 94, Fed. Cas. No. 11,463; *Robbins* v. *Freeland,* 14 Int. Rev. Rec. 28, Fed. Cas. No. 11,883; *Delaware R. Co.* v. *Prettyman,* 17 Ont. Rev. Rec. 99, Fed. Cas. No. 3,767; *United States* v. *Black,* 11 Blatchf. 538, 543, Fed. Cas. No. 14,600; *Kissinger* v. *Bean,* 7 Biss. 60, Fed. Cas. No. 7,853; *United States* v. *Pacific R. Co.* 4 Dill. 66, 69, Fed. Cas. No. 15,983; *Alkan* v. *Bean,* 8 Biss. 83, Fed. Cas. No. 202; *Kensett* v. *Stivers,* 18 Blatchf. 397, 10 Fed. 517."

Because of the failure of the remedy, it becomes unnecessary to consider the many legal and constitutional objections interposed by plaintiffs to the validity of the income tax law and the procedure under it. All of these objections will be open to plaintiffs in an action to recover the tax.

The decree is affirmed, with costs.         *Affirmed.*

An appeal to the Supreme Court of the United States was allowed March 2, 1915.