## Case No. 11,883.
### ROBBINS v. FREELAND.
[14 Int. Rev. Rec. 28.]
Circuit Court, E. D. New York.  1871.

EQUITY—REMEDY AT LAW—CONSTITUTIONALITY OF INCOME TAX LAW.

[Cited in Kensett v. Stivers, 10 Fed. 524, and in Snyder v. Marks, 109 U. S. 193, 3 Sup. Ct. 160, to the point that a bill will not lie to restrain the collection of an income tax assessed against the plaintiff upon the ground that the act of congress imposing the tax was unconstitutional and void, and alleging that the plaintiff had no remedy at law sufficient to indemnify him if the collector was allowed to distrain and sell his property.]

This action was commenced in the supreme court of the state of New York, on a motion made for an injunction restraining the defendant, who is collector of internal revenue for the First district, from collecting the tax on the income of the plaintiff, and an order was made by Judge Gilbert for the defendant to show cause why the injunction should not be made permanent. The case was afterward removed by writ of certiorari into the United States court.

Marion Windon, for plaintiff.

Benjamin F. Tracey, U. S. Dist. Atty., and John P. Hudson, for defendant.

The following points were made by Mr. Winslow in support of the motion:

I. The tax which was assessed upon the income, profits and gains of the plaintiff, was a direct tax. 1st. A part of said tax was assessed upon the rents of real estate. A tax upon real estate is a direct tax. Hylton v. U. S., 3 Dall. [3 U. S.] 171. Counsel cited a number of cases to show that a tax on the income of a thing is a tax on the thing itself. A tax upon the income of real estate is therefore a tax on real estate. 2d. The tax imposed by the acts of congress referred to is levied upon all the sources of revenue or income. Such a tax is embraced within the words, "capitation or other direct tax," in paragraph 4, § 9, art. 1, of the constitution. Here the counsel cited many authorities to support this construction of the words "direct tax."

II. The constitution prescribes (paragraph 3, § 2, art. 1): "Representatives and direct taxes shall be apportioned among the several states included within this Union according to their respective numbers;" and in article 1, § 9, par. 4, "No capitation or other direct tax shall be laid unless in proportion to the census or enumeration hereinbefore directed to be taken." The tax in question was not laid according to the rule of apportionment thus prescribed, although a census was taken in 1860 by virtue of an act of congress approved May 23, 1850 [9 Stat. 428]. The tax is levied, therefore, in violation of the constitution, and the act of congress imposing it is unconstitutional and void.

III. The constitution prescribes (article 5, Amend.) that no person shall be deprived of life, liberty, or property without due process of law. The collector threatens to distrain and sell the property of plaintiff for the tax without any judgment being had in the matter, or litigation, or hearing or opportunity for such. This is to deprive the plaintiff of his property without due process of law. Here counsel cited from Justice Story's Commentaries on the Constitution, Chancellor Kent's Commentaries, and Lord Coke, to show the meaning of the words "due process of law" and "law of the land."

IV. The plaintiff has no remedy at law sufficient to indemnify him if the collector is allowed to distrain and sell his property. The means of the collector are not sufficient to meet the judgments which may be obtained against him. The section of the act which authorizes the commissioner of internal revenue to pay back to the collector all damages recovered against him has already been construed by the attorney general not to compel the collector to pay back the taxes illegally collected; and the same interpretation may be extended to that part of the section which authorizes him to reimburse the collector for damages recovered against him, which would leave the plaintiff without other recourse than the limited means of the collector.

Counsel for defendant read section 19 of the act of 1866 [14 Stat. 152] forbidding any suit to be maintained in any court, and cited the case of Pullan v. Kinsinger [Case No. 11,463], where it was decided that this section prevented a suit of this nature being maintained or an injunction granted.

BENEDICT, District Judge, said that the court was clearly forbidden by this section of the act from entertaining this motion, and the motion for injunction was denied.

After this decision there is nothing left for taxpayers who wish to engage in legal proceedings to avoid the tax on their incomes except to pay the tax under protest, and an appeal will have to be made to the internal revenue commissioner and suits brought to recover the money.