## SNYDER *v.* MARKS, Collector.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF LOUISIANA.

Submitted November 1st, 1883.—Decided November 15th, 1883.

*Equity—Injunction—Internal Revenue—Taxes.*

A bill in equity will not lie to enjoin a collector of internal revenue from collecting a tax assessed by the commissioner of internal revenue against a manufacturer of tobacco, although the tax is alleged in the bill to have been illegally assessed.

The remedy of a suit to recover back the tax after it is paid, which the statute provides, is exclusive.

This suit was brought in a State court of Louisiana, by the appellant, a tobacco manufacturer, against the appellee, a collector of internal revenue, to obtain an injunction restraining the appellee from seizing and selling the property of the appellant to pay two assessments of taxes against him, made by the commissioner of internal revenue, and to have the assessments declared void. An injunction having been granted *ex parte*, the appellee removed the suit, by *certiorari*, into the Circuit Court of the United States for the District of Louisiana, on the allegation that it was brought on account of acts done by the appellee, as such collector, under authority of the internal revenue laws of the United States, and to enjoin him, in his official capacity, from enforcing the payment of assessments made against the appellant, under authority of such laws, by executing warrants of distraint, as authorized by such laws.

After the removal of the suit the appellant, under an order to reform his pleading, filed a bill in equity in the circuit court. It set forth the assessments complained of as being in these words:

" ALPHABETICAL LIST OF PERSONS LIABLE TO TAX UNDER THE INTERNAL REVENUE LAWS OF THE UNITED STATES, IN THE COLLECTION DISTRICT OF THE STATE OF LOUISIANA, REPORTED BY THE COLLECTOR OF SAID DISTRICT FOR ASSESSMENTS, AND THE AMOUNT ASSESSED AGAINST EACH BY THE COMMISSIONER OF INTERNAL REVENUE, AND CERTIFIED TO THE COLLECTOR OF SAID DISTRICT, FOR THE MONTH OF OCTOBER, 1879.

| NAME. | P. O. ADDRESS. | ARTICLE OR OCCUPATION. | PERIOD. | TAX ASSESSED. | TOTAL TAX AND PENALTY ASSESSED. |
|---|---|---|---|---|---|
| Snyder, Chas. A. | New Orleans... | S. T. Tob. 7,800½ lbs... | July 6, '78,to Dec. 3, '78. | $1,872 12 | $1,872 12 |
| Irwin & Snyder. | ....do.......... | ....do.....6,657 lbs.... | Jan. 1, '78,to June 2, '78. | 1,597 68 | 1,597 68 |

" Made Nov. 17, 1879."

The bill also averred that the assessments did not show upon what they were based, nor upon what the taxes were claimed to be due, and were void for uncertainty and unauthorized by law, and the commissioner of internal revenue was without jurisdiction to make them; that the Irwin & Snyder assessment was made more than fifteen months after the time which it embraced had elapsed, and that was true, also, as to a part of the Snyder assessment, and the commissioner had no authority to make an assessment except for a period of time not exceeding fifteen months before it was made; that the appellant was never a member of the firm of Irwin & Snyder; that he never owed the amount of either assessment; that, when he commenced the manufacture of tobacco, he gave a bond to the United States in a penalty of $20,000, conditioned that he would stamp all tobacco manufactured by him, as required by law, and comply with all the requirements of law relating to the manufacture of tobacco, and the sureties thereon were solvent, and that, if the United States had any lawful claim against him, an action would lie on the bond, which was ample security, while he was without adequate remedy against the United States for the seizure of his property to pay the claims. The prayer of the bill was for a decree declaring each of the assessments void as against the appellant, and enjoining the

appellee from distraining on the property of the appellant for the purpose of collecting the amounts of the assessments, and from attempting to collect the same except by judicial process.

The appellee demurred to the bill for want of equity, and because no suit could be maintained in any court to restrain the collection of any tax of the United States, and the appellant could not be permitted in this suit to attack the validity or regularity of the assessments or restrain the execution of a warrant issued thereunder. The circuit court sustained the demurrer and dismissed the bill. To review its decree this appeal is brought.

*Mr. J. D. Rouse* and *Mr. W. Grant* for the appellant.
*Mr. Solicitor-General Phillips* for the appellee.

Mr. Justice Blatchford delivered the opinion of the court. After reciting the facts, he said:

The sole object of the suit is to restrain the collection of a tax which purports to have been assessed under the internal revenue laws. A decree adjudging the tax to be void as against the appellant is sought for only as preliminary to relief by injunction, and would be futile for any purpose of this suit unless followed by an injunction.

The internal revenue act of July 13th, 1866, c. 184, 14 Stat. 152, provided, § 19, as follows: "No suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the commissioner of internal revenue according to the provisions of law in that regard, and the regulations of the secretary of the treasury, established in pursuance thereof, and a decision of said commissioner shall be had thereon, unless such suit shall be brought within six months from the time of said decision, or within six months from the time this act takes effect: *Provided,* That if said decision shall be delayed more than six months from the date of such appeal, then said suit may be brought at any time within twelve months from the date of such appeal." By § 10 of the

act of March 2d, 1867, c. 169, 14 Stat. 475, it was enacted that § 19 of the said act of 1866 be amended " by adding the following thereto :" " And no suit for the purpose of restraining the assessment or collection of tax shall be maintained in any court." In the Revised Statutes this amendment of and addition to § 19 of the act of 1866 is made a section by itself, § 3224, separated from that of which it is an amendment and to which it is an addition, and reads thus : " No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." The word "any" was inserted by the revisers. This enactment in § 3224 has a no more restricted meaning than it had when, after the act of 1867, it formed a part of § 19 of the act of 1866, by being added thereto. The first part of § 19 related to a suit to recover back money paid for a "tax alleged to have been erroneously or illegally assessed or collected," and the section, after thus providing for the circumstances under which such a suit might be brought, proceeded, when amended, to say, that "no suit for the purpose of restraining the assessment or collection of tax shall be maintained in any court." The addition of 1867 was *in pari materia* with the previous part of the section and related to the same subject-matter. The "tax" spoken of in the first part of the section was called a "tax" *sub modo*, but was characterized as a "tax alleged to have been erroneously or illegally assessed or collected." Hence, when, on the addition to the section, a "tax" was spoken of, it meant that which is in a condition to be collected as a tax, and is claimed by the proper public officers to be a tax, although on the other side it is alleged to have been erroneously or illegally assessed. It has no other meaning in § 3224. There is, therefore, no force in the suggestion that § 3224, in speaking of a "tax," means only a legal tax; and that an illegal tax is not a tax, and so does not fall within the inhibition of the statute, and the collection of it may be restrained.

The statute clearly applies to the present suit, and forbids the granting of relief by injunction. It is distinctly alleged in the bill, that the appellee claims that the appellant owes to the United States the amounts assessed for taxes, both the tax

assessed against the appellant and that assessed against Irwin
& Snyder. The bill also shows sufficiently that the assessment
had relation to the business of the appellant as a manufacturer
of tobacco, and to his liability to tax, under the internal
revenue laws, in respect to such business. The instructions of
the internal revenue department in regard to the preparation
of assessment lists provided, that where an assessment was re-
ported against a manufacturer of tobacco for having removed
any taxable articles from his manufactory without the use
of the proper stamp, or for not having duly paid such tax by
stamp at the time and in the manner provided by law, the
entry in the column headed "article or occupation" should be
"Stamp Tax. Tob.," with liberty to use the initials "S. T." as
an abbreviation for "stamp tax." The instructions stated that
"Tob." is an abbreviation for "tobacco." Resort may be had
to these instructions to show the meaning of the abbreviations
in the assessment list. Read by the light of the instructions,
the list shows a tax which the appellant might be liable to
pay, and one which the commissioner had general jurisdiction
to assess against him.

The inhibition of § 3224 applies to all assessments of taxes,
made under color of their offices, by internal revenue officers
charged with general jurisdiction of the subject of assessing
taxes against tobacco manufacturers. The remedy of a suit to
recover back the tax after it is paid is provided by statute, and
a suit to restrain its collection is forbidden. The remedy so
given is exclusive, and no other remedy can be substituted for it.
Such has been the current of decisions in the circuit courts of
the United States, and we are satisfied it is a correct view of
the law. *Howland* v. *Soule*, Deady, 413; *Pullan* v. *Kinsinger*,
2 Abbott U. S. 94; *Robbins* v. *Freeland*, 14 Int. Rev. Rec. 28;
*Delaware R. R. Co.* v. *Prettyman*, 17 id. 99; *United States* v.
*Black*, 11 Blatchford, 538, 543; *Kissinger* v. *Bean*, 7 Bissell,
60; *United States* v. *Pacific Railroad*, 4 Dillon, 66, 69; *Alkan*
v. *Bean*, 23 Int. Rev. Rec. 351; *Kensett* v. *Stivers*, 18 Blatch-
ford, 397. In *Cheatham* v. *United States*, 92 U. S. 85, 88, and
again in *State Railroad Tax Cases*, 92 U. S. 575, 613, it was said
by this court, that the system prescribed by the United States

in regard to both customs duties and internal revenue taxes, of stringent measures, not judicial, to collect them, with appeals to specified tribunals, and suits to recover back moneys illegally exacted was a system of corrective justice intended to be complete, and enacted under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues. In the exercise of that right, it declares, by § 3224, that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of general jurisdiction over the subject matter in question, have made the assignment and claim that it is valid.

*The decree of the circuit court is affirmed.*