MILES v. JOHNSON, Collector, (two cases.)

(Circuit Court, D. Kentucky. October 2, 1893.)

INTERNAL REVENUE—RESTRAINING COLLECTION—JURISDICTION OF COURTS.
  A bill for a mandatory injunction requiring a collector to accept an export bond for certain spirits in a bonded warehouse after the bonded period has expired, and allow their withdrawal for export without requiring payment of the tax thereon, is in effect a bill to restrain the collection of internal revenue taxes, which the court is forbidden to entertain by Rev. St. § 3224.

In Equity. Two bills were filed by Edward L. Miles. In one it was alleged that he was doing business as a distiller in the name of E. L. Miles & Co., and in the other as the New Hope Distilling Company. The prayers were for mandatory injunctions against defendant, Johnson, collector of the fifth district of Kentucky, enjoining and restraining him from refusing to accept and approve complainant's bonds for the exportation of the 200 barrels of whisky described in the bills, and from doing all other acts necessary to be done for the exportation of the whisky, and commanding defendant to permit the withdrawal of said whisky from the bonded warehouses for exportation. Demurrers were filed to the bills, and sustained.

Noble & Sherley and Strother & Gordon, for complainant.
George W. Jolly, U. S. Atty., for defendant, Johnson.

BARR, District Judge. The complainant and the question are the same in both cases, and will be considered together. The complainant, Miles, is a distiller, and distilled the 200 barrels of whisky in this state in the spring of 1890. This whisky went into the bonded warehouses, and the usual bonds were executed about June 5, 1890. These bonds were conditioned for the payment of the tax on said whisky of 90 cents per gallon at the time of the withdrawal thereof from the warehouse, and not longer than three years after the date of said bonds. The three years having expired, the defendant, as collector of internal revenue for the fifth district of Kentucky, placed the whisky on an assessment list known as "Form No. 23," and the commissioner of internal revenue made an assessment of a tax of 90 cents on each gallon of said spirits. This assessment list is dated the 28th day of July, 1893, and the assessment was made by the commissioner of internal revenue on the 1st day of August, 1893, and received by the defendant on the 3d day of August, 1893.

The complainant, on the 4th day of August, 1893, and before any demand had been made upon him to pay the tax, delivered to the defendant, as collector of internal revenue, a notice on "Form A," which was a notice and declaration of his intention to withdraw this whisky for export to a foreign country and port. He at the time tendered to the defendant an export bond on "Form B," as required by the regulations, with good security, and requested the collector to have the whisky regauged for the purpose of exportation. The complainant also states that he tendered the stamp tax required in such cases, and did everything necessary under the law and regulations to be allowed to export this whisky. He alleges that defendant refused to accept said bond, or to take any of the steps to have said whisky withdrawn from the warehouse so that he might export it, and that this refusal was upon the ground that complainant's application was too late. The prayer of the bill is for a mandatory injunction restraining the defendant from refusing to accept from him a good and sufficient export bond, and requiring said defendant, as collector, to take the necessary steps to permit the export of said spirits, and that he permit complainant to withdraw the spirits from the bonded warehouse for exportation.

The defendant demurred to both bills, and the general questions presented are:

(1) Can the court grant the relief asked if the complainant had the right to execute a bond and export the whisky at the time of his demand?

(2) If the court can grant the relief asked, is complainant entitled to it upon the allegations of his bills?

Section 3224, Rev. St., declares that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." In these suits the prayer is not to enjoin the assessment or collection of the tax on this whisky, but for a mandatory injunction restraining the collector from refusing to accept the export bonds offered, and allowing the withdrawal of the whisky without the payment of the tax. The inquiry is, whether these suits

are for the purpose of restraining the assessment or collection of a tax. The tax on this whisky attached the very instant it was distilled, and the warehousing and bonding by the complainant only gave him the right to postpone the payment of the tax for three years from the date of the bonds. It was at complainant's option, with certain limitations not necessary to state, to have paid this tax at any time within three years. Rev. St. §§ 3224, 3294. This he has not done, but has allowed the commissioner of internal revenue to assess this tax against him, and direct the proper demand to be made of him for payment. It is not necessary to determine whether this assessment of tax was complete without a demand on defendant, as section 3224, Rev. St., prohibits a suit for the purpose of restraining an assessment of a tax as well as the collection of a tax.

The necessary result of the relief sought by these bills will be to prevent defendant from completing the assessment of this tax if a demand on defendant is necessary, and, in any event, to prevent the collection of the tax. In view of the provision of section 3329, Rev. St., which allows a drawback to the full amount of the tax if distilled spirits are exported to a foreign country after the tax is paid, I must conclude the purpose of these suits is to restrain the collection of the taxes which are due. This would be the necessary effect of the relief if granted, and it must be the purpose, as the only contention is that no tax should be collected because of the declared intention to export this whisky. The supreme court, in Snyder v. Marks, 109 U. S. 189, 3 Sup. Ct. 157, had occasion to construe section 3224, Rev. St., and it was held that the word "tax" included taxes which had been illegally and wrongfully levied, as well as those which were regular and valid. See, also, Kensett v. Stivers, 18 Blatchf. 398, 10 Fed. 517, where the cases are reviewed. Here the taxes have been regularly levied, and are in every respect valid and lawful, so far as assessment and manner of levy can make them so; and the only contention of the complainant is that the collection of the tax after he had expressed a determination to export the whisky, and tendered a good export bond to the defendant, would be unconstitutional and invalid. This section 3224, Rev. St., was originally an amendment to what is now section 3221, and should be construed with it; and, being so construed, it seems evident that the court is prohibited from granting the relief sought. It is therefore unnecessary to decide whether the complainant would be entitled to the relief asked if the allegations of his bills were true.

The demurrers must be sustained, and it is so ordered.