**EMAUS SILK CO. v. McCAUGHN, Collector of Internal Revenue.**

(District Court, E. D. Pennsylvania. July 8, 1925.)

No. 3381.

**1. Courts ⊛262(2)—Statute held declaratory of the established rule in equity.**

Judicial Code, § 267 (Comp. St. § 1244), providing that suits in equity shall not be sustained in any court of the United States where a plain, adequate, and complete remedy may be had at law, is declaratory of the established rule in equity.

**2. Internal revenue ⊛25, 38—Revenue laws held to provide a system of corrective justice for taxes illegally assessed or collected, and a remedy to recover back taxes illegally assessed or collected.**

Rev. St. §§ 3220, 3226, as amended by Revenue Act 1924, §§ 1011, 1014, and section 3228, as amended by Revenue Act 1924, § 1012, provide, with other revenue laws, a system of corrective justice consisting of appeals within executive departments and of a remedy of a suit to recover back taxes claimed to be illegally or erroneously assessed or collected.

**3. Internal revenue ⊛28 — Generally courts will not entertain suit to determine validity of tax until it has been paid; right to bring suit after payment affords taxpayer adequate remedy at law.**

Generally courts will not entertain a suit to determine lawfulness or validity of a tax or assessment thereof until it has been paid, and right to bring suit after payment affords taxpayer a plain, adequate, and complete remedy at law.

**4. Internal revenue ⊛28—Courts will not inquire into validity of tax, payment of which has been demanded by taxing authorities.**

Courts will not inquire into legality or validity of a tax or assessment, payment of which has been demanded by taxing authorities.

**5. Internal revenue ⊛25—Additional tax was assessed when made as a jeopardy assessment, notwithstanding that Board of Tax Appeals had not determined taxpayer's appeal therefrom.**

Additional tax, imposed on taxpayer by Commissioner of Internal Revenue, after erroneously refunding an overassessment, was assessed when made as a jeopardy assessment against taxpayer, under Revenue Act of 1924,

§ 274 (a), (d), notwithstanding that Board of Tax Appeals, sitting under authority of section 900, had made no determination of plaintiff's appeal therefrom.

**6. Internal revenue ⊚⟹28—Bill to restrain collection of additional tax would not lie whether tax was lawful or unlawful.**

Bill for injunction to restrain Collector of Internal Revenue from collecting additional income and excess profit taxes, erroneously refunded as an overassessment to taxpayer, and assessed against him as a jeopardy assessment under Revenue Act 1924, § 274 (a), (d), on May 27, 1924, would not lie, in view of Rev. St. § 3224 (Comp. St. § 5947), and Revenue Act 1924, §§ 280, 1104, whether additional tax was lawful or unlawful.

In Equity. Bill for injunction by the Emaus Silk Company against Blakely D. McCaughn, Collector of Internal Revenue. Bill dismissed.

George W. Aubrey, of Allentown, Pa., and Frederick G. Fischer, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., and Joseph L. Kun, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff seeks to enjoin the defendant, the Collector of Internal Revenue, from collecting the sum of $5,196.88 as additional income and excess profit taxes for the year 1919. The plaintiff made its return for those classes of taxes for that year, and taxes were assessed and paid in the sum of $43,389.71. The plaintiff applied for reassessment of the taxes, whereupon the Commissioner of Internal Revenue determined that there had been an overassessment in the sum of $7,549.23, and that sum was refunded to the plaintiff on June 29, 1923. On May 21, 1924, the Commissioner notified the plaintiff by lettter that the certificate of overassessment was erroneous, and that the plaintiff was subject to, and there was assessed against it, additional tax for the year 1919 in the sum of $5,196.88. On May 27, 1924, that amount was assessed against the plaintiff as a jeopardy assessment under the provisions of section 274 (d) being 43 Stat. 297, as applied to the provisions of section 274 (a) of the Revenue Act of 1924 and the said assessment appeared upon the May, 1924, list of the Collector.

The plaintiff on June 17, 1924, made and entered its claim for abatement of the said tax, which on January 26, 1925, was rejected by the Commissioner of Internal Revenue. On February 19, 1925, the plaintiff appealed from the determination of the Commissioner as set forth in his letter of January 26, 1925, to the United States Board of Tax Appeals, sitting under the authority of the Revenue Act of 1924, § 900. The plaintiff claims that the attempt to collect the deficiency taxes now assessed is unlawful; that, the taxes assessed and paid for the year 1919 having been determined by the Commissioner of Internal Revenue to have been overassessed in the sum of $7,549.23, and that sum having been refunded to the plaintiff as an overassessment, the determination of the amount due for the year 1919 was thereby closed, and the Commissioner is without authority to reopen the question thus determined and assess the sum now demanded as a deficiency in the first reassessment. It therefore prays for a permanent injunction after hearing, and now moves for a preliminary injunction.

The defendant moves to dismiss the bill upon the ground that the court has no jurisdiction, in view of the prohibition of section 3224, R. S. (Comp. St. § 5947), and has no jurisdiction of the subject-matter because the plaintiff has a plain, adequate, and complete remedy at law, and therefore the bill is wholly without equity.

[1] Section 3224 provides "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court"; and section 267 of the Judicial Code, providing that "suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law" (Comp. St. § 1244), is declaratory of the established rule in equity. Therefore, in so far as the equities of the plaintiff's bill are concerned, unless the features of the assessment of the taxes bring it within some recognized exception to the prohibition of section 3224, R. S. the preliminary injunction must be denied.

[2] Sections 3220, 3226, as amended by sections 1011, 1014, of the Revenue Act of 1924, and section 3228, as amended by section 1012 of the Revenue Act of 1924, provide, with other revenue laws, a system of corrective justice consisting of appeals within the executive departments and of a remedy of a suit to recover back taxes claimed to be illegally or erroneously assessed or collected; and such system of corrective justice was intended to be and is adequate, complete, and exclusive, and there is no place in the system for an application to a court of justice until after payment of a tax. Cheatham v. United States, 92 U. S. 85, 23 L. Ed. 561; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816;

Bailey v. Drexel Furniture Co., 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432; Graham, Collector, v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965.

[3] The general rule, firmly established by the decisions in the above-cited cases, is that the courts will not entertain a suit to determine the lawfulness or validity of a tax or the assessment of the tax until it has been paid, and the right to bring suit after payment affords the taxpayer a plain, adequate, and complete remedy at law.

[4, 5] The plaintiff's reliance is based upon the contention that the remedies afforded to the taxpayer to have appeals heard by the Board of Tax Appeals under the provisions of the Revenue Act of 1924 take the case out of the effect of the prohibitory provision of section 3224, R. S. It is argued that, until the Board of Tax Appeals has acted upon the plaintiff's appeal from the determination of the Commissioner set out in his letter of January 26, 1925, sustaining the conclusions set forth in his letter of May 21, 1924, informing the plaintiff of the additional assessment, there has been no assessment of the tax, and can be none until the Board of Appeals has made its determination upon the plaintiff's appeal. While, in view of the settled law that the courts will not inquire into the legality or validity of a tax or assessment, payment of which has been demanded by the taxing authorities, the discussion might well rest upon the basis of that established principle in the law concerning collection of taxes, I think it is obvious that the plaintiff cannot prevail upon the ground that no tax, as such, was the subject of the assessment made on May 27, 1924. That there was an assessment made on that date is conceded by the stipulation of counsel filed in the case. The date is important because of the pertinent provisions of the Revenue Act of 1924.

[6] Section 1104 of the act provides: "Except as otherwise provided, this act shall take effect upon its enactment"—the date of which was June 2, 1924.

Section 280 of the act is as follows: "If after the enactment of this act the Commissioner determines that any assessment should be made in respect of any income, war profits, or excess profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277." 43 Stat. 301.

The only pertinency of those provisions of the Revenue Act is to the question whether the assessment made by the Collector in May 27, 1924, was lawful or unlawful. For by the terms of section 280, if the Revenue Act of 1924 should be construed as giving the Board of Tax Appeals jurisdiction to pass upon the determination of the Commissioner that the plaintiff's application for abatement must be denied, and holding the assessment in suspension until the Board shall have rendered its decision, then the assessment of May 27, prior to the passage of the act, was void, and the tax has been unlawfully assessed. If, on the other hand, the provisions of the act are construed as meaning that the Board of Tax Appeals has no jurisdiction to act upon the appeal because the assessment was made prior to the effective date of the act, then the plaintiff fails in establishing that the tax was unlawful. But upon a controversy involving the lawfulness or unlawfulness of an assessment and therefore the lawfulness or unlawfulness of a tax, I think the plaintiff is conclusively precluded from contesting the tax by a bill for an injunction. Snyder v. Marks, supra; Graham, Collector, v. Du Pont, supra.

The motion for preliminary injunction is therefore denied, and, there being no equity in the bill, a decree may be entered dismissing the bill.