JOSEPH GARNEAU CO., Inc., v. BOWERS, Internal Revenue Collector.

(District Court, S. D. New York. July 16, 1925.)

1. Internal Revenue ⊂⇒28—Suit to enjoin collection of additional taxes levied by Commissioner held not maintainable.

Under Revenue Act 1924, §§ 273, 274, 280, section 900, subds. (a), (e), (g), and (h), being Comp. St. Supp. 1925, §§ 6336⅛zz, 6336⅛zz(1), 6336⅛zz(7), 6371⅚b, and under Rev. St. § 3182 (Comp. St. § 5904), and Rev. St. §§ 3220, 3226, and 3228, as amended by Revenue Act 1924, §§ 1011, 1012, 1014 (Comp. St. Supp. 1925, §§ 5944, 5949, 5951), suit to enjoin collection of additional taxes, assessed by Commissioner of Internal Revenue under Revenue Act 1921, § 250, subds. b, d (Comp. St. Ann. Supp. 1923, § 6336⅛tt), on ground that assessment had been made subsequent to enactment of Revenue Act 1924, and that appeal to Board of

Tax Appeals was pending, held not maintainable in view of Rev. St. § 3224 (Comp. St. § 5947), prohibiting suits to enjoin collection of taxes.

2. Internal revenue ⊂⇒2—Statute prohibiting suits to enjoin collection of taxes not impliedly amended.

Rev. St. § 3224 (Comp. St. § 5947), prohibiting suits to restrain assessment or collection of taxes, was not impliedly amended by Revenue Act 1924.

In Equity. Suit by the Joseph Garneau Company, Incorporated, against Frank K. Bowers, individually, and as Collector of Internal Revenue for the Second Collection District of New York. Decree for defendant.

Ferdinand Tannenbaum and Mark Eisner, both of New York City, and George R. Beneman, of Washington, D. C. (Levi Cooke, of Washington, D. C., of counsel), for complainant.

Emory R. Buckner, U. S. Atty., of New York City (Thomas J. Crawford, Asst. U. S. Atty., of New York City, Chester A. Gwinn and John D. Foley, Sp. Attys., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

GODDARD, District Judge. This motion comes before the court on the bill of complaint filed by the Garneau Company against Bowers, collector of internal revenue for the second collection district of New York, praying for an injunction against the collection of $40,403.31, claimed to be due to the United States government for additional income and profit taxes for the years 1918 and 1919. The motion is before the court on the bill of complaint and supporting affidavits, and upon defendant's answer and affidavit in opposition to the motion.

Facts.

The taxes, the collection of which is sought to be enjoined, were assessed against the Garneau Company by the Commissioner of Internal Revenue May 27, 1924. The assessment list containing the assessment of taxes in question was received by the defendant, collector, from the Commissioner of Internal Revenue on May 31, 1924. The assessment was made under the following circumstances:

The Commissioner of Internal Revenue, on December 27, 1923, notified complainant, in accordance with the then existing provisions of section 250 (d) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛tt), that deficiencies in complainant's

income and profit taxes for the years 1918 and 1919 had been discovered. This notice allowed the complainant 30 days in which to file an appeal, and the complainant duly appealed to the Commissioner of Internal Revenue; the appeal was referred by the Commissioner to the Committee on Appeals and Review for consideration. This Committee on Appeals and Review was an advisory committee created by the Commissioner of Internal Revenue to consider the appeals provided for by the Revenue Act of 1921 and to advise the Commissioner. On April 2, 1924, the said Committee on Appeals and Review submitted to the Commissioner its decision, confirming the deficiencies as stated in said communication of December 27, 1923. The Commissioner of Internal Revenue approved the Committee's decision, and notified the complainant of its action on April 4, 1924. On April 18, 1924, complainant requested a reconsideration of the case by the Commissioner. The matter was thereupon again taken under advisement by the Commissioner, who reaffirmed his prior decision of April 4, 1924. Complainant, on April 29, 1924, made another request for reconsideration, and the case was again taken under advisement by the Commissioner. On May 8, 1924, reconsideration of the matter was denied. The complainant persisted further in its endeavor to have the Commissioner reverse his determination, making requests for reconsideration on May 10 and on May 14, 1924. On May 16, 1924, complainant was notified by the deputy commissioner that the taxes set forth in the letter of December 27, 1923, would be assessed, and an assessment list, including said assessment, was received by defendant, collector, on May 31, 1924. In response to the counsel for complainant's written request of May 14, 1924, for a further reconsideration, the Commissioner of Internal Revenue replied, on July 17, 1924, to the complainant's counsel, in the following letter:

"Mr. George R. Beneman, Union Trust Building, Washington, D. C. Sir: Reference is made to your letter of May 14, 1924, requesting a reconsideration of the action of the Bureau upon the appeal of the Joseph Garneau Co., Inc., New York, N. Y., from the decision of the income tax unit holding that it is not entitled to claim a deduction from the gross income of the years 1918, 1919, and 1920 for obsolescence of good will.

"Your letter and the file in the case have been given very careful consideration. After such consideration the Bureau is of the opinion that the claim for the obsolescence deduction must be denied in accordance with O. D. 818 (4 C. B. 178).

"The taxpayer continued to import wines and liquors after the effective date of national prohibition, and it must be assumed that the contracts which this taxpayer had with foreign exporters of wines and liquors were availed of in the carrying on of the wine business from October, 1920, to the effective date of the Willis-Campbell Act in 1921. The decision of the Bureau communicated to the taxpayer under date of April 4, 1924, is hereby confirmed and the request for a further consideration of the case is denied.

"Respectfully,

"D. H. Blair, Commissioner."

On June 2, 1924, the Revenue Act of 1924 became effective. On August 21, 1924, which was within 60 days after the receipt by the complainant of the Commissioner of Internal Revenue's said letter of July 17, the complainant filed an appeal with the Board of Tax Appeals created by the Revenue Act of 1924 under the provisions of sections 274 and 280 of said act (Comp. St. Supp. 1925, §§ 6336⅙zz[1], 6336⅙zz[7]). Thereafter the Commissioner appeared before the Board of Tax Appeals and moved that complainant's appeal be dismissed, alleging that the Board had no jurisdiction thereof, and, after a hearing, this motion was denied on November 21, 1924, by the Board, which decided that it did have jurisdiction to hear the appeal, and the Board finding as a fact that the Commissioner had determined, after the enactment of the Revenue Act of 1924, that an assessment should be made. Notwithstanding the said finding by the Board of Tax Appeals, and while the said appeal was pending before the Board, the Commissioner instructed the defendant, Collector Bowers, to proceed with the collection of the deficiency determined by the Commissioner, and pursuant to such instructions Collector Bowers demanded payment and threatened to distrain therefor.

The statutes under consideration are as follows:

Section 3182 of the Revised Statutes of the United States (Comp. St. § 5904):

"The Commissioner of Internal Revenue is hereby authorized and required to make the inquiries, determinations, and assessments of all taxes and penalties imposed by this title, or accruing under any former Internal Revenue Act, where such taxes had not been duly paid by stamp at the time and in the manner provided by law, and shall certify a list of such assessments when made to the proper collectors respectively, who shall pro-

ceed to collect and account for the taxes and penalties so certified."

Section 250 (b) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛tt):

"As soon as practicable after the return is filed, the Commissioner shall examine it, if it then appears that the correct amount of the tax is greater or less than that shown in the return, the installments shall be recomputed."

Section 250 (d) of the Revenue Act of 1921 outlined the procedure to be followed by the Commissioner in the assessment and collection of additional tax, as follows:

"If upon examination of a return made under the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or this act, a tax or a deficiency in tax is discovered, the taxpayer shall be notified thereof and given a period of not less than thirty days after such notice is sent by registered mail in which to file an appeal and show cause or reason why the tax or deficiency should not be paid. Opportunity for hearing shall be granted and a final decision thereon shall be made as quickly as practicable. Any tax or deficiency in tax then determined to be due shall be assessed and paid, together with the penalty and interest, if any, applicable thereto, within ten days after notice and demand by the Collector."

The pertinent provisions of the Revenue Act of 1924 (Comp. St. Supp. 1925, §§ 6371⅝b, 6336⅙zz, 6336⅙zz[1], 6336⅙zz-[4], 6336⅙zz[7]), are as follows:

"Sec. 900. (a) There is hereby established a board to be known as the Board of Tax Appeals (hereinafter referred to as the 'Board'). * * *

"(e) The Board and its divisions shall hear and determine appeals filed under sections 274, 279, 308, and 312.

"(g) In any proceeding in court under sections 274, 279, 308 or 312, and in any suit or proceeding by a taxpayer to recover any amounts paid in pursuance of a decision of the Board, the findings of the Board shall be prima facie evidence of the facts therein stated.

"(h) Notice and an opportunity to be heard shall be given to the taxpayer and the Commissioner and a decision shall be made as quickly as practicable. * * * The proceedings of the Board and its divisions shall be conducted in accordance with such rules of evidence and procedure as the Board may prescribe. It shall be the duty of the Board and of each division to make a report in writing of its findings of fact and decision in each case, and a copy of its report shall be entered of record. * * * The Board shall provide for the publication of its reports at the government printing office in such form and manner as may be best adapted for public information and use, and such authorized publication shall be competent evidence of the reports of the Board therein contained in all courts of the United States and of the several states without any further proof or authentication thereof."

"Sec. 273. As used in this title the term 'deficiency' means—the amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax. * * * *".

"Sec. 274. (a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900.

"(b) If the Board determines that there is a deficiency, the amount so determined shall be assessed and shall be paid upon notice and demand from the collector. No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the Board shall be assessed, but a proceeding in court may be begun, without assessment, for the collection of any part of the amount so disallowed. The court shall include in its judgment interest upon the amount thereof at the rate of 6 per centum per annum from the date prescribed for the payment of the tax to the date of the judgment. Such proceeding shall be begun within one year after the final decision of the Board, and may be begun within such year even though the period of limitation prescribed in section 277 has expired."

Section 277, mentioned in the above section refers solely to the time limitation upon assessment and collection of taxes under all of the Revenue Acts.

"Sec. 280. If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of

any income, war profits, or excess profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277."

Section 3220, Revised Statutes of the United States, as amended and re-enacted without change as section 1011 of the Revenue Act of 1924 (Comp. St. Supp. 1925, § 5944):

"Sec. 3220. The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected; also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court, for any internal revenue taxes collected by him, with the cost and expenses of suit; also all damages and costs recovered against any assessor, assistant assessor, collector, deputy collector, agent, or inspector, in any suit brought against him by reason of anything done in the due performance of his official duty, and shall make report to Congress at the beginning of each regular session of Congress of all transactions under this section."

Section 3226 of the Revised Statutes, as amended by section 1014 of the Revenue Act of 1924 (Comp. St. Supp. 1925, § 5949):

"Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may

be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

Section 3228 of the Revised Statutes of the United States, as amended by section 1012 of the Revenue Act of 1924 (Comp. St. Supp. 1925, § 5951), reads in part as follows:

"Sec. 3228. (a) All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as provided in section 281 of the Revenue Act of 1924, be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

[1] Complainant now seeks to enjoin the collector on the ground that the letter of July 17, 1924, was a determination by the Commissioner of Internal Revenue subsequent to the enactment of the Revenue Act of 1924 that the taxes should be assessed, that, as appeal was duly taken from such determination to the Board of Tax Appeals, the taxes cannot be collected pending the decision of said appeal on its merits, and that the Commissioner of Internal Revenue cannot ignore the jurisdiction and findings of the Board in a case over which it takes jurisdiction, so as to deprive a taxpayer of the benefit of the Board's determination of complainant's liability.

The real question involved in this motion is—whether the validity of the tax assessed by an officer under color of office and which the officials charged with the duty of assessing and collecting taxes claim to be valid, can be tested and payment resisted in a proceeding in equity, such as this, to restrain its collection? In arriving at a conclusion as to whether this tax is valid and the assessment legal, the underlying questions to be considered are—whether or not the Board of Tax Appeals had jurisdiction of it;

whether the determination or assessment of the tax must be subsequent to June 2, 1924, to give the Board jurisdiction; and also, what is the effect of the Commissioner of Internal Revenue's communication of July 17, 1924? It seems to me firmly established that an action at law for the return of the tax, after its payment, is the proper method for testing the validity of the tax and having these questions decided, and that the collector cannot be enjoined. Section 3224 of the Revised Statutes of the United States (Comp. St. § 5947), provides:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

To hold otherwise, it seems to me, would be clearly contrary to the provisions and purpose of section 3224, supra, and the emphatic decisions construing that section are announced in the following cases: Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Graham, Collector, v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965; Seaman v. Bowers (C. C. A. 2.) 297 F. 371; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Bailey v. Drexel Furniture Co., 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432; Bashara v. Hopkins, Collector (C. C. A. 5) 295 F. 319; Sigman v. Reinecke (C. C. A. 5) 297 F. 1005.

It is obvious that, were injunctions allowed in this situation, it would open the door to a multitude of suits wherein it was alleged that the Board of Tax Appeals had jurisdiction, or for some other reason the assessment was illegal. It is urged that the result of a refusal to enjoin the collection of the tax in this case is to compel the taxpayer to pay the tax without the benefit of an appeal to the Tax Board, and then bring an action to recover the tax, and that was the very thing Congress wished to avoid. While that may possibly be so in this particular case, once these questions are finally determined, it is fair to assume that the Commissioner of Internal Revenue would act accordingly. But, at least until it is decided that the Commissioner of Internal Revenue does not have jurisdiction in such cases, and that the assessment is illegal, it is my opinion that injunctions should not issue.

In Snyder v. Marks, supra, the court, in refusing to pass upon the question as to whether the tax there sought to be collected had become outlawed and the collector without jurisdiction to collect it, said (page 191, 3 S. Ct. 158):

"A decree adjudging the tax to be void as against the appellant is sought for only as preliminary to relief by injunction and would be futile for any purpose of this suit unless followed by an injunction."

In Graham, Collector, v. Du Pont, supra, the court stated that questions as to the legality of the assessment and collection of a tax "could only be heard and considered after the tax had been paid in a suit to recover it back."

[2] It is further urged by complainant that Congress intended to modify section 3224, supra, by the act of 1924, but an examination of its records does not lead to that conclusion, and I am confident that, if Congress had so intended, it would not have left the modification of such an important and so strongly intrenched section as 3224 to mere inference, but would have so stated it as to leave no doubt of its intention.

No one can fail to appreciate the delay and inconvenience that would be avoided as a result of the Revenue Act of 1924 in its provision for an appeal to the Board of Tax Appeals before the payment of taxes in such cases as it has so provided, but, in view of the above, the motion for an injunction must be denied.