## GENERAL OUTDOOR ADVERTISING CO., Inc., et al. v. WILLIAMS et al.

(District Court, D. Massachusetts. November 25, 1925.)

No. 2456.

1. **Abatement and revival ⬤⟲12—Plaintiff may maintain ordinary suit in both state and federal courts, where diversity of citizenship exists.**

Plaintiff may maintain ordinary suit in both state and federal courts, where diversity of citizenship exists.

2. **Courts ⬤⟲491—Where diversity of citizenship exists, plaintiff may sue in federal court in first instance, and insist on maintaining suit there.**

Where diversity of citizenship exists, plaintiff may sue in federal court in first instance, and insist on maintaining suit there.

3. **Courts ⬤⟲262(4) — Federal District Court has power in proper suit to enjoin state officials.**

Federal District Court has power in proper suit to enjoin state officials.

**4. Courts** ⬅493(3)—**Suit in federal court against state board of public works dismissed, where plaintiff filed similar suit in state court.**

Where plaintiff sued in both state and federal courts to enjoin state board of public works from enforcing state statute, suit in federal court will be dismissed, in view of Judicial Code, § 266 (Comp. St. § 1243), and section 238, as amended by Act Feb. 13, 1925, § 1 (Comp. St. Supp. 1925, § 1215).

In Equity. Suit by the General Outdoor Advertising Company, Inc., and another, against William F. Williams and others. On defendants' motion to dismiss. Motion allowed, and bill dismissed.

Mayberry, Hallowell & Mayberry, and Lowell A. Mayberry, all of Boston, Mass., for plaintiffs.

Roger Clapp, Asst. Atty. Gen., of Massachusetts, for defendants.

LOWELL, District Judge. [1] Motion to dismiss. The plaintiff brought suit in the Supreme Judicial Court for Suffolk county seeking to enjoin the state board of public works from enforcing the provisions of an act relating to billboards. The Supreme Judicial Court granted a preliminary injunction, and the case is now pending there. The plaintiff also brought a precisely similar action in this court. It is contended in answer to the defendant's motion to dismiss that the District Court is without power to dismiss the action, as the plaintiff has the right to bring an action both in the state court and the federal court. The plaintiff's contention is sound so far as it relates to an ordinary suit depending on diversity of citizenship. McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Boston & Maine R. R. v. Dutille (C. C. A.) 289 F. 320; Lewis v. Schrader (D. C.) 287 F. 893, and cases cited.

[2] Undoubtedly the plaintiff might have brought the action in the federal court in the first place, and insisted upon maintaining it there. McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762.

[3] The District Court also has the power, in a proper suit, to enjoin state officials. Hygrade Co. v. Sherman, 266 U. S. 497, 45 S. Ct. 141, 69 L. Ed. 402; Banton v. Belt Line Ry., 268 U. S. 413, 45 S. Ct. 534, 69 L. Ed. 1020; Emaus Silk Co. v. McCaughn (D. C.) 6 F.(2d) 660.

[4] But these two rules of law do not decide the case at bar.

The situation arising when a federal court is asked to interfere with the operations of a state government is one of great delicacy. One of the first cases to reach the Supreme Court of the United States was Chisholm v. Georgia, 2 Dall. 419, 1 L. Ed. 440, where the Supreme Court, in 1792, held that a suit by a private citizen would lie in the federal court against a sovereign state. This decision aroused great antagonism (see 1 Warren, The Supreme Court in United States History, p. 9 et seq.), so much so that in 1798 the Eleventh Amendment to the Constitution of the United States was passed, providing that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The federal courts have since then been chary of interfering with state agencies. Ex parte Royall, 117 U. S. 241, 6 S. Ct. 734, 29 L. Ed. 868; State of Kansas v. Bradley (C. C.) 26 F. 289, 292. See Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 239, 29 S. Ct. 67, 53 L. Ed. 150.

The care taken to prevent undue interference by the United States courts with the action of state officials may be seen by the Act of Congress of March 4, 1913, 37 Stat. 1013, which is now section 266 of the Judicial Code (Comp. St. § 1243). This act provides that no interlocutory injunction against state officials shall be granted, except after a hearing before three judges, of whom one must be either a Justice of the Supreme Court or a Circuit Judge. Rose, Federal Jurisdiction and Procedure, p. 470. See, also, Act Feb. 13, 1925, c. 229, § 1 (Comp. St. Supp. 1925, § 1215), amending section 238 of the Judicial Code, among other sections.

The statute also provides for a stay of the proceedings in the District Court, if application be made to the state court, and the state officials are by it enjoined from exercising their powers until the determination of the matter by the state court.

There seems no reason for extending the doctrine of the cases like Boston & Maine R. R. Co. v. Dutille to cover the present situation, and many reasons why this should not be done. The plaintiff has on its own motion invoked the jurisdiction of the state court, which has full power to decide the case. None of the plaintiff's rights will be jeopardized in that court. If a decision involving the interpretation of the Constitution of the United States be adverse to it, the matter may be reviewed in the Supreme Court of the United States. Act Feb. 13, 1925, c. 229, § 1 (Comp. St. Supp. 1925, §

1214), amending section 237 of the Judicial Code, among other sections.

There can be no doubt that, under section 266 of the Judicial Code, this court must grant a stay of the suit until the decision is rendered in the state court. Boston & Maine R. R. v. Niles (D. C.) 218 F. 944.

In my opinion, this court should go further and dismiss the suit. The state governmental agency should not be put to the trouble and expense of defending another suit between the same parties, involving the same issues. This would interfere with the orderly and proper performance of its important duties, in which the citizens of the state are vitally interested. To allow such a suit would be an officious intermeddling by a national tribunal with the affairs of the state, which do not concern it, as the plaintiff has deliberately chosen the state tribunal.

Motion allowed. Bill dismissed.