**PENNSYLVANIA TRANSFER COMPANY OF PHILADELPHIA, INC.**

v.

**Alfred L. WHINSTON, District Director of Internal Revenue.**

**Civ. A. No. 71–569.**

United States District Court, E. D. Pennsylvania.

Jan. 11, 1972.

Mark M. Mendel, Mendel, Dubyn, Schwartz & Smith, Robert M. Taylor, Philadelphia, Pa., for plaintiff.

Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., Richard A. Scully, Tax Div., Douglas E. McKinley, Trial Atty. Tax. Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION AND ORDER

HANNUM, District Judge.

This is an action by the plaintiff, Pennsylvania Transfer Company of Philadelphia, Inc., to enjoin the District Director of Internal Revenue from the collection of taxes, and to have the assessments against it declared invalid.

The District Director of Internal Revenue charged the corporate plaintiff with fraud and filing false income tax returns for the years 1951 through 1957 based on the fact that the corporation's president diverted and embezzled substantial amounts of corporate income to his own use. In support of their position, plaintiff corporation contends:

1. That it is not chargeable with any illegal conduct committed by its president.

2. That its waiver of the statute of limitations included in Form 656— Offers-in-Compromise—is invalid.

The defendant has moved to dismiss the action because:

1. The Court does not have jurisdiction over the United States, the real defendant in this action.

2. Equitable jurisdiction of the Court does not obtain.

3. Title 26 United States Code, § 7421, and Title 28 United States Code, § 2201, act as a complete bar to the granting of the relief requested by plaintiff.

Title 26 United States Code, § 7421(a) prohibits, with certain exceptions not here relevant, actions seeking to restrain the assessment or collection of any tax. In Enochs v. Williams Packing & Navigation Co.,[1] the Supreme Court held that a taxpayer might escape the prohibition of § 7421(a) where "it is clear that under no circumstances could the Government ultimately prevail" and "equity jurisdiction otherwise exists." We feel that the plaintiff corporation has not met the first requirement.

The plaintiff, in support of its first argument, relies upon Asphalt Industries, Inc. v. C. I. R., 384 F.2d 229 (3rd Cir. 1967). Under the facts in this case it was held that the conduct of the president of Asphalt, who had embezzled corporate income, could not be attributed to the corporation. The case did not involve consideration of 26 U.S.C. § 7421(a). However, it is clear that whether or not the fraud of a corporate officer to evade payment of taxes can be attributed to the corporate taxpayer raises questions of law and fact. In *Enochs*, Mr. Chief Justice Warren stated:

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.' Id., [Miller v. Standard Nut Margarine Co.] 284 U. S. [498] at 509, 52 S.Ct. 260 at 263. [76 L.Ed. 422].

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. And to permit even the maintenance of a suit in which an injunction could issue only after the taxpayer's nonliability had been conclusively established might 'in every practical sense operate to suspend collection of the . . . taxes until the litigation is ended.'

1. 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407. Thus, in general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194, 3 S.Ct. 157, 160, 27 L. Ed. 901."

Upon the present state of the record [2] it is not apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim.

In support of plaintiff's second argument, two questions are raised.

1. Is the waiver of the statute of limitations (for collection of tax after assessment) submitted by the taxpayer as part of an Offer in Compromise valid where someone other than the District Director signs on his behalf pursuant to an express sub-delegation of authority by him?

2. Is form 656, Offer in Compromise, which contains the waiver of the statute of limitation on the period of collection improperly prepared, ambiguous, and therefore an instrument with no legal effect?

The Pennsylvania Transfer Company of Philadelphia, Inc., has filed five Offers-in-Compromise with the Internal Revenue Service. Each of these offers was made on Form 656, drawn and supplied by the Internal Revenue Service. The Waiver of Collection involved herein is made a part of the Offer-in-Compromise, although it is a separate agreement. The statute which permits such agreements, 26 U.S.C. § 6502(a), reads as follows:

"(a) Length of Period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release).

"The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer."

The implementing regulation, Regs. § 301.6502–1(a) (2) (i) reads as follows:

"(i) The 6-year period of limitation on collections after assessment of any tax may, prior to the expiration thereof, be extended for any period of time agreed upon in writing by the taxpayer and the district director. The extension shall become effective upon execution of the agreement by both the taxpayer and the district director."

---

2. As alleged in plaintiff's complaint, the common voting stock of Plaintiff Corporation was held at all times mentioned herein by the following parties and in the following amounts, to wit:

| | |
|---|---|
| James M. Lee | 899 shares |
| Thomas F. Lee | 701 shares |
| Thomas F. Lee and Louise M. Lee, as Joint Tenants with Right of Survivorship and not as Tenants in Common | 400 shares |
| Total | 2000 shares |

Thomas F. Lee, is the president of plaintiff corporation and is the party charged with diverting and embezzling corporate income. Louis M. Lee, claims that she had no knowledge of any fraud committed by her husband, received no benefits from same, nor condoned or ratified such acts of fraud if they actually happened.

■ The record shows that none of the five agreements were signed by the District Director. The waivers were signed by officers of the Internal Revenue under the authority of a document entitled "Delegation of Authority to Execute Consent Agreement Fixing the Period of Limitations on Collection," which was promulgated by the District Director.

The purpose of this delegation order was to delegate authority to sign consent agreements fixing the period of limitations on collection. Designated officers of the Internal Revenue were authorized to sign their names on behalf of the District Director of Internal Revenue to all consents fixing the period of limitations on collection, including consent provisions contained in Offer-in-Compromise and related collateral agreement forms. Plaintiff contends that to be effective, a Tax Collection Waiver must be signed personally by the District Director. We disagree, and believe the statute and regulation permit subdelegation by the District Director. United States v. Lee, 333 F.Supp. 398 (E.D.Pa.1971).

Waiver of statutory period of limitations is hereby accepted by the undersigned:

_____
District Director of Internal Revenue (Enter Name)

_____
By (signature and title) Date
_____

■ As to form 656, although it may be more effective to include the waiver in a separate instrument or otherwise modify its structure, the language is clear where it states:

"6. The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessments and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for one year thereafter.

"7. It is understood that this offer will be considered and acted upon in due course and that it does not afford relief from the liability sought to be compromised unless and until it is actually accepted in writing by the Commissioner or his duly authorized representative, and the terms of the offer have been fully complied with.

I declare under the penalties of perjury that this offer (including any accompanying schedules and statements has been examined by me and to the best of my knowledge and belief is true and correct.

_____
Signature(s) of Proponent(s) "

The designation "proponent" upon a reading of the entire document is clearly identified to mean the tax-payer. That the Government could make a better form is clear. As to the plaintiff's claim, however, we find no merit.

· For the foregoing reasons we find that plaintiff has failed to state a claim upon which relief can be granted, and that 26 U.S.C. § 7421(a) acts as a complete bar to plaintiff's cause of action.